## SUPREME COURT.

### JEHIEL JUDD vs. ROBERT FULTON, Sheriff of Greene County.

In computing statute time, the first day, or the day on which the time begins to run, is to be excluded.

Where an act is to be done *within* a given time—*e. g.* thirty days—the party has all of the thirtieth day to perform it, But if it is to be done *after* the expiration of the thirty days, it cannot be performed till on the thirty-first day. The law takes no notice of fractions of a day.

Under 2 Rev. Stat. 252, a party may be discharged from imprisonment on making the requisite affidavit, "*after* he shall have remained in prison thirty days." *Held*, where a defendant was committed to prison on the 25th of August, he could not be discharged before the 26th of September.

*Argued February Term*, 1850, *before Justices* WATSON, PARKER *and* WRIGHT.—This suit was brought against the defendant to recover for the alleged escape from the jail limits of one Eli Hubbard, confined on an execution issued by a justice of the peace. Hubbard was committed on 26th August, 1847: on the 25th September he made the affidavit required by 2 Rev. Stat. 252, § 152, which was afterwards filed in the Greene county clerk's office. By the jurat of this affidavit it appeared that the affidavit

was sworn to on the 26th September, which was on Sunday. But it was shown that this was a mistake in dating the jurat; that the affidavit was, in fact, sworn to on the 25th September. The referee reported in favor of the defendant, and the plaintiff now moved to set aside the report.

G. W. CUMMINGS, *for plaintiff*, insisted that the affidavit was void if sworn to on Sunday; and that it was not competent to prove by parol that the affidavit was, in fact, sworn to on the 25th September; and that if sworn to on the 25th September, it was before the expiration of thirty days after the commitment.

JOHN ADAMS, *for defendant*.

By the Court, PARKER, Justice.—The defendant was authorized to discharge Eli Hubbard from imprisonment, on his making the requisite affidavit, after he had remained in prison thirty days. The language of the statute is "after he shall have remained in prison thirty days." (2 R. S. 252.)

Hubbard was committed to the custody of the defendant on 26th August. On the 25th of September he made the affidavit and was discharged. This was the thirtieth day of his imprisonment, excluding the day of his commitment. The rule is well settled that in computing time the first day, or the day when the time begins to run, is to be excluded. (2 Hill, 355; 3 Denio, 12; Rule 63.) If the defendant had been required to do an act *within* thirty days from the happening of an event which had occurred on the 26th August, he could have had the whole of the thirtieth day, that is, of the 25th of September, for that purpose. But if he was prohibited doing an act until *after* the expiration of the thirty days, he could not do it until the next day, that is the 26th of September.

A familiar illustration may be drawn from our late practice. If a declaration was served on the last day of August, the defendant being required to plead in twenty days, had all of the 20th September for that purpose. But as the default could not be entered till after the twenty days, it could not be regularly entered till on the 21st of September.

If Hubbard was imprisoned at noon on 26th August, his thirty days would expire at noon on 25th September. He may not have been committed till the last minute of the 26th August, in which case his thirty days would expire at midnight on 25th September, and he could not be discharged till the 26th September. But the law takes no notice of these fractions of a day. Entire days only can be computed. (*Cornell* v. *Moulton*, 3 Denio, 12.)

A construction has been given by the courts to similar language in other statutes. By the act of 1840, a writ of *fi. fa.* might be issued

" after the expiration of thirty days from the entry of a judgment." In the *Commercial Bank of Oswego* v. *Ives*, (2 Hill, 355,) it was held that full thirty days must elapse, excluding the day of entering the judgment, before a *fi. fa.* could be issued; and where judgment was entered on 27th October, and a *fi. fa.* was issued on 26th November, it was set aside for irregularity. Many other cases in support of this construction are referred to in the opinion of that case and in the reporter's note.

And such is the English rule also. The act (2 W. & M., Sess. 1, c. 5,) authorized a landlord to sell a distress "after such distress and notice as aforesaid and the expiration of the said five days." It was held that the day of making the distress was to be excluded, and after allowing the five following clear days, the sale should not be until the seventh day. (3 Chitty's Pr. 109 ; *Pitt* v. *Skew*, 4 Barn. & Ald. 208.)

The same rule of construction governed the case of *Small* v. *Edrick*, (5 Wend. 137.) The Revised Statutes had provided that a notice of trial should be served at least fourteen days *before* the first day of the court. It was held to mean fourteen full days, exclusive of the day of service, and a notice of trial served on the *ninth* for the twenty-third day of the same month was declared to be insufficient.

I am satisfied the thirty days had not expired when the affidavit was made, and without expressing any opinion on the other questions, I think the report of the referee should be set aside.