### BISSELL *vs.* BISSELL.

In matters of *practice*, merely, the day on which any rule is entered, or order, notice, pleading or paper is served, is to be excluded in the computation of time for complying with the exigency of such rule, order, &c.; and the day on which a compliance therewith is required must be included, except where it falls on a *Sunday*; in which case the party has the next day to comply therewith.

But in respect to the construction of *statutes*, the rule is otherwise, in this state. Accordingly where, under the statute requiring judgments before justices of the peace to be rendered within four days after the submission of the cause, a cause was submitted to a justice on the 28th of June, and judgment was rendered on Monday, the 3d day of July following; *Held* that the same was void, as not being entered in season.

THIS was an appeal by the defendant from a judgment rendered by the Oneida county court, affirming the judgment of a justice of the peace in favor of the plaintiff.

*W. S. Parkhurst*, for the appellant.

*J. M. Carroll*, for the respondent.

*By the Court*, GRIDLEY, J. By the 124th section of the act entitled, "of courts held by justices of the peace," it is enacted that "in cases where a plaintiff shall be nonsuited, discontinue or withdraw his action, &c. the justice shall forthwith render judgment and enter the same in his docket. In all other cases he shall render judgment, and enter the same in his docket, within four days after the cause shall have been submitted to him for his final decision." In the case under consideration, the cause was submitted to the justice on the 28th day of June, 1848, and judgment was rendered on Monday, the third day of July following, in favor of the plaintiff. The single question is whether the judgment was entered in season.

Were this a matter of practice merely, there could be no doubt that the judgment must be held regular. By the sixty-second rule of the supreme court, as well as by several adjudged

cases, the day on which any rule shall be entered, or order, notice, pleading or papers served, shall be excluded in the computation of time for complying with the exigency of such rule, order, notice, pleading, or paper; and the day on which a compliance therewith is required, shall be included; *except when it shall fall on a Sunday, in which case, the party shall have the next day to comply therewith.* (2 *Hill,* 377, *note.* 3 *John. Rep.* 261. 10 *Wend.* 560.) The same rule prevails in England. In matters of practice, in all cases in which any particular number of days (not expressed to be clear days,) is prescribed by the rules or practice of the courts, the same shall be reckoned exclusively of the first day, and inclusively of the last day, unless the last shall happen to fall on a Sunday, Christmas day or Good Friday, or a day appointed for a public fast, or thanksgiving; in which case, the time shall be reckoned exclusively of that day also. (*See* 1 *Dowl. P. C.* 200; 8 *Bing.* 307; 3 *B. & Adol.* 393; 2 *Tyr.* 351; 4 *Bligh. N. S.* 608, *cited in Harrison's Digest,* 3d *vol. p.* 6328.) So also, an execution will be defeated by a writ of error filed within the first *four days,* exclusive of Sunday, after judgment is perfected. (1 *Cowen,* 15; 7 *Id.* 418.) And the same rule holds in the old practice, of entering judgment *nisi.* The four days within which a party might move in arrest, were four juridical days—Sunday not being counted. (11 *East,* 272. 13 *Id.* 21. 4 *Burrow,* 2130. *Graham's Pr.* 296.)

In respect to the construction of *statutes* the rule is otherwise, in this state. In the case of *Ex parte Dodge,* (7 *Cowen's Rep.* 147,) the last day of the period limited by statute, within which a party had a right to appeal, fell on Sunday. The appeal was brought on Monday. The court held that Sunday had in no case been excluded in the computation of *statute time,* and dismissed the appeal. The cases showing that Sunday would not be counted as one of the four days within which a party might move in arrest of judgment, were cited to the court. But they were said to be cases of practice, and not interfering with the rule which the courts apply in the computation of time under a statute. The same doctrine is laid down as the gene-

Bissell *v.* Bissell. ·

ral rule in *Alderman* v. *Phelps*, (15 *Mass. Rep.* 235,) and in *Thayer* v. *Felt*, (4 *Pick.* 354.) Mr. Cowen, in his treatise, adopts and applies this rule to the case of a justice rendering judgment. (2 *Cowen's Tr.* 1022.) He says "the four days within which a justice shall render judgment, are to be computed as excluding the first day ; and if the fourth day fall on Sunday, *judgment must be rendered the day preceding.*" It is, however, supposed that a different rule has been introduced, where the time is *short of a week.* This rule is found in the case of *Thayer* v. *Felt*, (4 *Mass. Rep.* 354.) The case is cited in a note to an anonymous case decided by Ch. J. Nelson, in 2 *Hill*, 375. The principal case came before Judge Nelson on a motion, in which it was held that the *two* days within which a jury were to be summoned, and appear before the sheriff, to try a claim of property by virtue of the thirteenth section of the act concerning replevin, (2 *R. S.* 432,) were two *law days, and that Sunday was to be excluded.* Nothing is said of the rule adopted by the court in Massachusetts of excluding Sunday in all cases where the time was less than a week, and *including* it when the time exceeds that period. We are also referred to the case of *Whipple* v. *Williams*, decided by Justice Allen in 1849. He held that a notice of adjustment of costs served on the evening of Saturday for nine o'clock on the next Monday morning, at Cooperstown, some 30 or 40 miles from the residence of the attorney, on whom the notice was served, was overreaching and oppressive practice, and within the case of *Smith* v. *Brown.* (2 *Wend.* 245.) He also alluded to the case of *Thayer* v. *Felt*, as showing that the notice was irregular. We think, however, that the case might well be decided on the first ground mentioned by the judge. The superior court in the city of New-York have held that no such rule as that laid down by Justice Wilde in *Thayer* v. *Felt*, exists in this state, in the 2d of *Sandford's S. C. Rep.* 131, where Ch. Justice Oakley gives the opinion of the court. In truth, the adoption of such a rule would revolutionize the existing practice in many cases. If the rule is adopted, there is no reason why it should not be applied in matters of practice as well as others. But I allude

Bissell *v*. Bissell.

to a familiar case under the former practice, where a notice of argument is required to be a four days' notice. In that case, a notice served on Thursday, for the *succeeding Monday*, was always held good. But on the principle of excluding Sunday, it would be too short. Again: a summons in a justice's court was directed by statute to be returnable not less than six nor more than twelve days from its date, (2 *R. S.* 160, § 14,) and to be served at least six days before the time of appearance mentioned therein. (§ 15.) Now if the summons were issued on a given day, it must be returnable one day later, by including Sunday, where there is only a six days' service. By the act of 1831, p. 403, § 33, a short summons or attachment was substituted in the place of a warrant; and such process was to be made returnable not less than two, nor more than four days from the date. Now if the warrant was issued on Monday, it might be made returnable on Friday; but if issued on Friday, it could be returnable on the next Wednesday, under the new theory of computing time less than a week. So, too, notice of sale on an execution must be posted up at least four days before the sale. (2 *R. S.* 182, § 41. 1 *Cowen*, 421.) It follows that one rule of counting must be adopted if the notice be posted up on Monday, and another to comply with the rule in question, if the notice is posted on Wednesday. Without specifying more instances, it is quite apparent that the adoption of this new rule would introduce the greatest confusion in practice. In point of fact we believe that the universal custom has been to make no distinction where Sunday intervenes and where it does not. Sunday is always counted as one of the days, when the statute has declared that an act shall be performed within a given number of days; whether the number of days specified by the statute is longer or shorter than a week.

We must therefore reverse this judgment.

*Judgment reversed.*

[OSWEGO GENERAL TERM, May 5, 1851. *Pratt, Gridley, Allen* and *Hubbard*, Justices.]