## LANG *vs.* PHILLIPS.

27 311
99 251

[MOTION AGAINST SHERIFF FOR FAILING TO PAY OVER MONEY COLLECTED UNDER EXECUTION—QUESTION OF PRIORITY BETWEEN EXECUTION CREDITORS.]

1. *Rule for computation of time under statute.*—In the computation of time from an act done, the day of performance is excluded, and fractions of a day are not recognized; but in construing a statute, which, as between different acts, gives a preference or priority to that which is first done, this rule, *it seems*, does not apply.

2. *Application of rule.*—Under the statute regulating the practice in the common-law courts of Mobile, which provides (Pamphlet Acts 1853-4, p. 92, § 10) that "the lien acquired by any execution issuing from either of said courts shall not be lost, if *alias* executions issue to the sheriff *without interval of more than ninety days*", an original execution was returned on the 14th April, and an *alias* was issued on the 14th July next thereafter : *Held*, that the lien was not lost.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS was a motion against the appellant, as sheriff of Mobile county, for failing to pay over money collected under execution. By consent of parties, a jury was dispensed with, and it was agreed that the court should decide both the law and the facts of the case. The facts, as disclosed by the bill of exceptions and judgment entry, were as follows :

The plaintiff, having a judgment against one Adam C. Hollinger in the Circuit Court of Mobile, procured an execution to be issued thereon on the 14th day of December, 1853, which was returned by the defendant, as sheriff, on the 14th day of April, 1854, "no property found." On the 14th day of July, 1854, another execution was issued on this judgment, returnable on the first Monday in November, 1854; "and on the said day plaintiff gave the sheriff a bond of indemnity to levy on and sell a slave named Jim, the property of said A. C. Hollinger." The sheriff made the levy, and sold said slave on the 7th day of August, 1854, and received the money. A portion of the proceeds of the sale of said slave was appropriated by the sheriff to the payment of an older execution, which was in his hands at the same time; and the surplus, which

was claimed by the plaintiff in this motion, was paid on an execution in favor of one William Hill against said Hollinger, which was issued on the 19th day of June, 1854, and was in the sheriff's hands when he made said levy ; the last preceding execution on said Hill's judgment having been issued on the 21st day of February, 1854, and returned on the 14th day of April "no property found." The question was thus presented, whether the lien acquired by plaintiff's execution of the 14th December, 1853, was lost ; and this involved the construction of the tenth section of the act of February 17, 1854, " to regulate the sessions of the Circuit and City Courts of Mobile county," which provides, " that the lien acquired by any execution, issuing from either of said courts, shall not be lost, if *alias* executions issue to the sheriff without interval of more than ninety days." The court below, on the facts above stated, held that the lien of the plaintiff's execution was not lost, and rendered judgment accordingly ; to which the defendant excepted, and which he now assigns for error.

JOHN T. TAYLOR, for the appellant, made these points :—
1. There was an interval of more than ninety days between the issue of plaintiff's *alias* execution and the return of the original execution. At common law, when given periods or days are set, the rule for the computation of time is, to exclude the first and include the last day, or (which amounts to the same thing) to include the first and exclude the last ; and by this method, though no time is actually lost, fractions of a day are avoided. For instance, counting from 12 o'clock on the first day of April, to 12 o'clock on the first day of May, there are, in law, exactly thirty days ; yet, in fact, there are only twenty-nine entire days, and two half-days. Applying this rule to the case, we would have in April, excluding the 14th, sixteen days ; in May, thirty-one days ; in June, thirty days ; and in July, including the 14th, fourteen days ; which make, in all, ninety-one complete legal days. The error in the rule of computation contended for by the appellee, which was adopted by the court below, may be shown by the following illustration : Suppose the first execution was returned at 12 o'clock on the 14th April, and the *alias* issued at 12 o'clock on the 14th July ; the ninetieth day would, in fact, expire at

12 o'clock on the 13th July, and yet, under that rule of computation, the latter half of the 14th April, the latter half of the 13th July, and the first half of the 14th, must be excluded, thus getting rid of one and a half entire days. Computing time by this rule from the first day of January, 1854, to the first day of January, 1855, in periods of ninety days, every ninetieth day would be lost, and the year be found to contain only 361 entire days. The true rule is, to exclude only the first or the last day.—Vairin v. Edmonson, 5 Gilm. 270 ; In the matter of Wilman, 5 Washb. (Maine) R. 653.

2. The record does not show that the *alias* execution, though issued on 14th July, came to the hands of the sheriff on that day.

E. S. DARGAN, *contra*, contended, that the true rule of computation is, to exclude the first day, and if the act is required to be done within a certain number of days, the party has all of the last day within which to do it ; but if the act is to be done after a certain number of days, the whole number of days must pass before it can be done.—Judd v. Fulton, 10 Barb. S. C. R. 117; Wiggin v. Peters, 1 Metc. 127.

GOLDTHWAITE, J.—The act of the 17th February, 1854, (Acts 1853–4, p. 92, § 10) regulating the practice of the City and Circuit Courts of Mobile county, provides, that the lien acquired by any execution from either of said courts shall not be lost, if an execution issue to the sheriff " without interval of more than ninety days." In the present case, the original execution was returned on the 14th April, 1854, and an *alias* was issued on the 14th July, 1854. Assuming, for the present, that it came to the hands of the sheriff on the same day on which it issued, the question is, whether the lien was lost ; or, in other words, whether according to the rules of law, there is an interval of *more* than ninety days between the 14th of April and the 14th of July.

The rule is now well settled, that in the computation of time from an act done, the day of performance is to be excluded.— Bigelow v. Wilson, 1 Pick. 485 ; Judd v. Fulton, 10 Barb. 117. If, therefore, the law had required the issue of the *alias* execution within ninety days, in order to preserve the lien, it

is clear that, if issued at any time on the ninetieth day, it would be sufficient. Including the first day and excluding the last, from the end of the fourteenth day of April to the end of the fourteenth day of July, are ninety-one full days. But the rule we have referred to results from the fact, that the law, in such cases, refuses to recognize the parts or fractions of a day—that period is regarded as an indivisible point of time (Bigelow v. Wilson, *supra*) ; and under the influence of this rule, we must regard the *alias* execution as having issued precisely at the instant at which the 14th day of July commenced ; and between this point and the termination of the 13th day, there is no interval. Under this view of the law, there cannot be *more* than ninety days from the first day, until the last instant of the ninety-first day has passed. If indeed the statute had provided that the lien should be lost if an execution did not issue without an interval of ninety days, then, the issue on the ninety-first day would not preserve the lien ; but we must give effect to the meaning of the word "*more*" which is used in the statute, and although the reasoning may savor of refinement, we cannot do this, without infringing on well settled rules, unless we include the whole of the ninety-first day. Any other construction would render that word entirely unmeaning. Our conclusion, therefore, is, that the statute must be construed as if it had said that the lien should not be lost if an execution issued to the sheriff without interval of *more days than ninety days.*

We may remark, however, that the same rule does not apply to statutes which, as between different acts, give a preference or priority to the one which is first done; and in such cases, courts will regard the fractions of a day.

It is urged that the record does not show that the execution of the appellee, although issued on the 14th July, came to the hands of the sheriff on that day. But we think this sufficiently appears from the statement in the bill of exceptions, that on the day on which the sheriff received the *alias* execution, he required a bond of indemnity ; which is set out in the record,—bears date on the same day with the *fi. fa.*, and recites that it was in his hands when the bond was executed.

Judgment affirmed.