GEORGE L. MARVIN, Respondent, *v.* LE GRAND MARVIN, Appellant.

Under the provision of the Code of Civil Procedure (New Code, § 1228), declaring that judgments on the decision of the court may be entered "after the expiration of four days from the filing of the decision, * * * and the service upon the attorney of the adverse party of a copy thereof but not before," four full calendar days must elapse after the filing of a decision and notice thereof before judgment can be properly entered.

The rule of interpretation, which in computing time, excludes the first and includes the last day has no application, where as here the provision is clear and explicit.

Nor has the provision of said Code (§ 788), which declares a like rule for computing the time within which an act in an action or special proceeding is required to be done any application, 1st, because it refers to the preceding section (§ 787). 2d, it excepts cases where the law makes other provision. 3d, it relates to the time within which an act is required to be done, not to a period after the expiration of a specified time. 4th, the two sections have no connection, and this one was not designed to limit the operations of the other.

The law does not regard fractions of a day except in cases where the hour itself is material, as where the priority of judgments is in question.

(Argued November 12, 1878; decided November 19, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, affirming an order of Special Term which denied a motion on the part of defendant to vacate judgment herein for irregularity.

The irregularity complained of was that the judgment which was entered upon a decision of the court on trial at Special Term was entered before the time had elapsed prescribed by section 1228 of the Code of Civil Procedure. The decision was filed in the clerk's office, April 20, 1874, and notice of filing served on defendant on the same day. The judgment was entered April 24th.

*Le Grand Marvin*, appellant in person. When a law pro-vides that an act shall be done "after the expiration" of a stated period from any definite event, such period must intervene before the doing of the act. (*Brigham* v. *Place*, Gen. Term, Buffalo, June, 1878; *Com'l. Bk.* v. *Ives*, 2 Hill, 355, 356; *Pitt* v. *Shew*, 4 Barn. & Ald., 208; *Butts* v. *Edwards*, 2 Den., 164; *Judd* v. *Fulton*, 4 How., 298; 10 · Barb., 117; *Small* v. *Edrick*, 5 Wend., 137: *C. T. Road* v. *Haywood*, 10 id., 424; *Pearpoint* v. *Graham*, 4 Wash. C. C., 232.) When an act is to be "in" or "within" a definite period, the first day is included and the last excluded. (*Ex parte Dean*, 2 Cow., 605; *Snyder* v. *Hayden*, id., 521; *Lester* v. *Garland*, 15 Ves., 243; *Taylor* v. *Cobriere*, 8 How. Pr., 386; *People* v. *N. Y. C. R. R. Co.*, 28 Barb., 286; Smith's Com., § 618.) Fractions of a day are disregarded, except where a priority of a lien is material. (*Judd* v. *Fulton*, 4 How. Pr., 298; *Haden* v. *Buddensick*, 49 id., 246; 8 Barb., 384.)

*Jno. C. Strong*, for respondent. In computing the time in which judgment is to be entered under section 1228 of the New Code, the first day is excluded and the last day included. (Code Civil Proc., § 788; Old Code, § 407; *Ready Roofing Co.* v. *Chamberlain*, 1 Abb. [N. C.], 192; *Brigham* v. *Place*, Gen. Term, Fourth Dept., June, 1878; *Feelan* v. *Douglas*, 11 How., 194; *Ex parte Dean*, 2 Cow., 605; *Com'l. Bk.* v. *Ives*, 2 Hill, 355; *Bissell* v. *Bissell*, 11 Barb., 96.)

MILLER, J. The revised Code (§ 1228), declares that "judgment  * * * upon the decision of the court,

\*  \*  \*  may be entered by the clerk, as directed therein, after the expiration of four days from the filing of the decision, \*  \*  \* and the service, upon the attorney for the adverse party, of a copy thereof, and notice of filing; but not before." The language of this enactment is very explicit that four days must expire after the decision is filed and notice served upon the attorney of the party against whom the judgment is to be entered, before it can be lawfully docketed. No other construction can give full force and effect to the statute, or carry out its purpose. The rule of interpretation which, in computing time, excludes the first and includes the last day, has no application to a provision which is as clear and explicit as the one cited, and can only be invoked where the act is to be done within a certain number of days or a specified period of time. When the statute says *after* the expiration of a time named, that time must fully expire. (*Commercial Bank of Oswego* v. *Ives*, 2 Hill, 355; see also cases cited in note; *Butts* v. *Edwards*, 2 Den., 164; *Judd* v. *Fulton*, 10 Barb., 117; 4 How. Pr., 298.) The authorities cited by the respondent do not apply to a statute, when the act is to be done after a certain time named. (11 How. Pr., 194; 2 Cow., 605; 11 Barb., 96.)

The provision of section 788 of the New Code, which enacts that the time, within which an act, in an action or special proceeding, brought as specified in the last section, is required by law to be done, must be computed by excluding the first and including the last day, except where it is otherwise provided by law, has no application, and cannot affect the construction to be given to section 1228; because, First, it refers to the preceding section 787, which relates to the time of the publication of a legal notice, in an action or special proceeding. Second, it excepts cases where the law makes other provision. Third, it relates to the time within which an act is required to be done, and not to a period after the expiration of a certain specified time. Fourth, the two sections have no connection whatever, and the former has no relevancy to the latter, and was evidently not designed to limit the operation

of the latter, or to explain or interpret its meaning or import.

It is said that the papers do not show that the defendant did not have four calendar days, before the entry of judgment. The affidavit shows sufficient as to the time when the notice was left to call upon the other side to confute the allegations made ; and, in the absence of any conflict, it must be assumed to be true that four full calendar days had not expired after the entry of the decision and notice thereof, before the judgment was entered.

The law does not regard fractions of a day, except in cases where the hour itself is material, as is the case where priority of judgments is in question. (*Judd* v. *Fulton*, 4 How. Pr., 298 ; *Phelan* v. *Douglass*, 11 id., 193, 195 ; *Haden* v. *Buddensick*, 49 id., 246.)

It is manifest that the judgment against the defendant was prematurely entered, in violation of the statute and the legal rights of the defendant, and that it should have been vacated. The order of the Special Term and of the General Term must therefore be reversed ; and the motion should be granted, with ten dollars costs and disbursements on appeal.

All concur.

Ordered accordingly.