OLIVER PORTER, APPELLANT, *v.* FRANKLIN PIERCE AND H. G. BORTHWICK, RESPONDENTS.

*Redemption of real estate sold under execution — a redemption on Saturday (when that is the last day to redeem) may be redeemed from on the following Monday.*

A judgment creditor redeemed real estate sold upon execution, on Saturday, October 31, 1885, which was the last day of the fifteen months within which he was entitled to redeem. On Monday, November second, within twenty-four hours of the redemption (excluding the intervening Sunday), another judgment creditor redeemed. ·

*Held,* that the second redemption was valid.

That in computing the time within which the redemption should be made, Sunday should be excluded for two reasons:

*First.* Because if considered the last day, the case was covered by section 788 of the Code of Civil Procedure, declaring that "if the last day is Sunday, or a public holiday, it must be excluded."

*Second.* Because, as the redemption must be made at the sheriff's office (Code of Civil Procedure, § 1455), it can only be made on days on which the sheriff, or the under sheriff or a deputy could lawfully attend at the sheriff's office for the transaction of business of this character, which he cannot do on Sunday.

APPEAL from a judgment entered in Cortland county, upon the decision of a Special Term dismissing the plaintiff's complaint.

A judgment creditor redeemed real estate sold upon execution on

Saturday, October 31, 1885. Another judgment creditor, entitled to twenty-four hours in which to redeem, redeemed on Monday, November 2, 1885, within twenty-four hours of the last redemption, *excluding the intervening Sunday.* The question presented by the appeal was whether the second redeeming creditor was in time, or whether he lost his right to redeem by not redeeming on Sunday, November 1, 1885.

*Oliver Porter*, for the appellant.

*Pierce & Stone*, for the respondents.

HARDIN, P. J.:

Section 1455 of the Code of Civil Procedure provides that a redemption made by the creditor after the fifteen months expire "must be made at the sheriff's office." It also provides, "the sheriff or his under-sheriff, or a deputy sheriff in his behalf, must attend at the sheriff's office for that purpose on the last day of the fifteen months, *and on each day thereafter in which a redemption* can be made, during the time when the sheriff's office is required by law to be kept open."

A redemption elsewhere, though in the same village, is invalid. (*Morss* v. *Purvis*, 68 N. Y., 225.) A construction which would require a creditor to redeem within twenty-four hours, next after Saturday, so as to include Sunday, would require the sheriff's office to be kept open on Sunday. No statute has expressly required such office to be open on Sunday. Indeed, the policy of the law is to exclude a violation of Sunday by the performance of secular business by officers, as well as individual citizens, on Sunday. (*People ex rel. Pugsley* v. *Luther*, 1 Wend., 42.)

The duty imposed by statute upon the sheriff to keep an office, and to keep it open for the presentation of business, expressly excepts from its operation "Sundays, and such other days as are or shall be declared by law to be holidays." (3 R. S. [7th ed.], 2374, §§ 54, 55.) Certain acts of the sheriff may be effectual in regard to his business away from his office, but not those pertaining to redemptions like the one under consideration. (*France* v. *Hamilton*, 26 How., 180.)

It was held in *Van Vechten* v. *Paddock* (12 Johns., 178) that,

apart from a statute, at common law no judicial process can issue on Sunday. (See *Strong* v. *Elliot*, 8 Cow., 29 and note.) Until a statutory requirement shall authorize and require a sheriff's office to be opened on Sunday for the transaction of business, a construction of a general provision of law should not be had which would impose the duty or the right of the sheriff to open his office on Sunday for the transaction of civil secular business officially. This view is in conformity with section 788 of the Code of Civil Procedure, which declares, viz.: "If the last day is Sunday, or a public holiday, it must be excluded." As the twenty-four hours in which such redemption may be made may be deemed the "last day," and is Sunday, it should be excluded. That provision of the statute just quoted from, section 788, relates to acts to be done upon the "last day" granted by statute therefor. The further provision of the statute "when the act is required to be done within two days and an intervening day is Sunday or a public holiday, it must be excluded," refers to a second class of cases, to wit, when "the act is required to be done within two days." The case of *Marvin* v. *Marvin* (75 N. Y., 240), turned upon the construction of a statute which permitted an act to be done "*after* the expiration of four days," and contains nothing inconsistent with or at variance with the views already expressed.

The views already expressed lead to the same result, as the authorities cited in the opinion of MERWIN, J., which meets with our approval.

We, therefore, hold the case was properly decided below, and the judgment should be affirmed, with costs.

BOARDMAN and FOLLETT, J. J., concurred.

Judgment affirmed, with costs.