JAMES DORSEY, RESPONDENT, *v.* ROSELLA E. PIKE
APPELLANT.

*Rule for computing the time within which acts must be done — section 788 of the Code of Civil Procedure is not limited to actions in courts of record.*

The rule for computing the time within which an act, in an action or special proceeding, is required by law to be done, established by section 788 of the Code of Civil Procedure, applies to acts to be done in actions or proceedings in the Municipal Court of Rochester.

The reference made in section 788 to the preceding section was not made for the purpose of defining and limiting the instances in which the rule of computation should be applied, but for the purpose of making the rule applicable to actions and proceedings originating in courts not of record.

*Gribbon* v. *Fred* (93 N. Y., 93) followed; *Marvin* v. *Marvin* (75 id., 242) distinguished.

APPEAL from an order of the Monroe County Court denying the appellant's motion for an order dismissing the respondent's appeal.

Judgment was rendered in the Municipal Court of the city of Rochester, in the appellant's favor, for six dollars and thirty cents costs, and from the same the present respondent appealed to the Monroe County Court.

*William M. Bates,* for the appellant.

*Henry J. Sullivan,* for the respondent.

BARKER, J.:

The motion to dismiss the appeal was made upon the sole ground that the same was not taken within twenty days after the entry of the judgment, as required by section 3046 of the Code of Civil Procedure, which provides that such appeal "must be taken within twenty days after the entry of the judgment in the justice's docket."

The judgment was rendered on the 22d day of November, 1886, and the twenty days, after the entry of the judgment would expire on the 13th day of December, 1886, which day was Sunday. The notice of appeal was served on Monday following, the thirteenth day of December. The question is was such service timely? Without the aid of the provision found in section 788 it is clear that the notice of appeal was served too late, as the day on which the

judgment was rendered is to be excluded from the computation. (*Ex parte Dodge*, 7 Cow., 147; *Marvin* v. *Marvin*, 75 N. Y., 240.)

In computing the time within which an act required by any statute must be done, if the last day falls on Sunday, that day cannot be excluded and the act done on the Monday following, unless there is some statute providing that the Sunday should be excluded from the computation. In certain instances where the last day for doing a statutory act falls on Sunday, it is provided that, in making the computation, that day should be excluded. (New Code, § 788.) We think this provision is applicable to this case and that the notice of appeal was served in due time. All agree that the day on which the judgment was entered is not to be counted. The reference made in section 788 to the preceding section, 787, is for the purpose of defining the actions and proceedings in which the rule must be applied. Courts not of record are included within phrases of sections 787 and 788, and the rule of computation, we think, applies to acts to be done in actions or proceedings originating in the Municipal Court of Rochester. The language used in section 788, relative to the subject in question, is very general and should be liberally construed, and we see no reason for giving it an interpretation limiting its operation to actions and proceedings in a court of record.

It was expressly held in *Gribbon* v. *Freel* (93 N. Y., 93) that where the last day for the service of summons issued out of the Marine Court for the city of New York, in an action where an attachment had been granted, as required by section 638, fell on Sunday, it was time to serve the summons on the Monday following. In support of the rule the court cited section 788, and relied upon its provisions as establishing the rule for making the computation. The reference made in section 788 to the preceding section was not made for the purpose of defining and limiting the instances in which the rule of computation should be applied, but for the purpose of making the rule applicable to actions and proceedings originating in courts not of record.

We are cited by the appellant's counsel to the case of *Marvin* v. *Marvin* (75 N. Y., 242), as an authority in support of his position, that the provisions of section 788 do not apply to an action originating in a Justice's Court. That case holds, among other things, that section 788 does not apply to acts where the law specifically

prescribes a different rule of computation than the one laid down in that section, and that in the case before it a different rule has been prescribed by another section of the Code. In that case the provisions of the section, relating to the mode of computation when the last day within which an act should be done fell on Sunday, was not brought before the court for its consideration.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

SMITH, P. J., BRADLEY and HAIGHT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.