(8 Misc. Rep. 420.)

### PRENTISS v. BOWDEN.

(Superior Court of New York City, General Term.   May 7, 1894.)

CREDITORS' BILL—ISSUANCE OF EXECUTION.

A levy of execution after the debtor's death, though on the same day, is void, and does not constitute a foundation for a creditors' bill, as the rule that the courts do not notice fractions of a day does not apply in such case.

Appeal from special term.

Action by George Lewis Prentiss, as general guardian, against Ellen Bowden. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before SEDGWICK, C. J., and FREEDMAN and Mc-ADAM, JJ.

Benjamin Patterson and George Bell, for appellant.
William R. Wilder, for respondent.

SEDGWICK, C. J.   The action was in the nature of a creditors' bill, designed to reach real property that had been conveyed by the debtor to the defendant. The plaintiff, in order to succeed in the action, had to prove that an execution had been issued against the debtor's property, and had been returned unsatisfied. Adsit v. Butler, 87 N. Y. 585. An execution had been issued and returned, but it was void. It had been levied on the day of the debtor's death, and about five hours after his death. Section 1380, Code Civ. Proc., forbids that being done. Wallace v. Swinton, 64 N. Y. 188. The counsel for respondent invokes the principle by which, in certain cases, courts do not take notice of the fraction of a day. They do, however, take notice of them when there are conflicting rights, for the determination of which it is necessary for them to do so. Broom, Leg. Max. 134. First and last, the fact that the judgment debtor had died would be decisive that an execution could not issue. For this reason the judgment should be reversed, and a new trial ordered, with costs to appellant, to abide the event.