### A. B. HARRIS AND ETTA HARRIS v. W. V. HARRIS.

STATUTE OF LIMITATIONS, COMPUTATION OF TIME.

Where plaintiff's cause of action accrued on the 16th of March, 1887, this day should not be included in the computation of the statute of limitations of six years, and therefore such cause of action is not barred on the 16th of March, 1893.

ERROR to the Court of Common Pleas of Licking county.

ADAMS, J.

There was a trial in the court below, and a verdict and judgment against defendants, and in favor of W. V. Harris, plaintiff below. The case is brought here upon the single question made by a general demurrer to the amended petition. The court overruled that demurrer, and that is the only question that is presented for the consideration of this court.

Briefly stated, the petition alleges that W. V. Harris, being a surety on a note for A. B. Harris and Etta Harris, in an action in the court of common pleas of this county, a judgment was rendered against all of the makers of the note, and that afterwards, on March 16, 1887, W. V. Harris paid the sum of $436.18 in full of that judgment; that that was paid for the benefit of the defendants below, and that it was their debt for which he was surety only. That payment was made on the 16th day of March, 1887. The original petition to recover that sum was filed in the court of common pleas on March 16, 1893, and a summons of that date was issued and served. So that the action was commenced March 16, 1893.

The single question made by the demurrer is whether or not that claim was barred by the statute of limitations.

That is a question on which there is a considerable conflict of authority, and upon that question this court is not unanimous; but we are agreed that Harris' right of action accrued to him on March 16, 1887; that instantly, upon the payment of that money, he had a right of action against the defendants below, and he could have maintained a suit for the recovery of that money, after the payment of the money, and on the same day, March 16, 1887, and that the six years' statute of limitations applies. *Williams* v. *Williams*, 5 Ohio St., 444; *Neilson* v. *Fry*, 16 Ohio St., 552.

The question on which we are not agreed is as to how the six years shall be computed; whether the first day, March 16, 1887, shall be included or excluded. On that question, as I said before, the court is not agreed. Speaking for myself, it seems to me that section 4951, of the Revised Statutes, should control. Section 4951 reads:

"(How time computed.) Unless otherwise specially provided, the time within which an act is required by law to be done, shall be computed by excluding the first day and including the last; and if the last be Sunday, it shall be excluded."

That was an amendment of section 597 of the Code. Section 597 of the Code, reads as follows:

" The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last if; the last day be Sunday, it shall be excluded."

Section 4951, viewed in the light of Code section 597, should control, but in that opinion neither of my associates concur, and so it leaves the question to be determined by the authorities, unaided by any provision of the statutes of our state, and unaided, as we think, by any direct decision of our supreme court.

In the seventh volume of Wait's Actions and Defenses on page 231, under the head of " Computation of Time," we find this statement:

" The question has undergone no little discussion in the courts, whether in the computation of time, under the statute, the day on which the cause of action accrued is to be included or excluded. The rule, as stated in accordance with the early English cases, is, that where the computation of time is made from an act done, the day on which the act is performed is included, because the act is the terminus *a quo*, the computation is to be made; and there being in contemplation of law no fraction of a day, (unless when the priority of acts done on the same day becomes necessary), the terminus is considered as commencing the first moment of that day. Washington, J., in *Pearpoint* v. *Graham*, 4 Wash., (C. C.), 232. This rule has been applied to cases arising under the statute of limitations by some o' the courts. Ses *Presbrey* v. *Williams*, 15 Mass., 193; *Ryman* v. *Clark*, 4 Blackf., (Ind.), 329. And see *Arnold* v. *United States*, 9 Cranch, (U. S.), 120. But there can be no question that the preponderance of American authority is the other way. *Bemis* v. *Leonard*, 118 Mass., 502; s. c., 19 Am. Rep., 470; *Lang* v. *Phillips*, 27 Ala., 311; *Owen* v. *Slatter*, 26 Id. 547; *McGraw* v. *Walker*, 2 Hilt. (N. Y.), 404; *Smith* v. *Cassity*, 9 B. Monr. (Ky.), 192; *Weeks* v. *Hull*, 19 Conn., 377; *Blackman* v. *Nearing*, 43 Id., 56; s. c., 21 Am. Rep., 634; *Judd* v. *Fulton*, 10 Barb., 118."

"In Pennsylvania a debt was due October 6, 1862; suit was brought October 6th, 1868, and it was held that the action was not barred by the statute. *Menges* v. *Frick*, 73 Penn. St., 137; s. c., 13 Am. Rep., 731. See, also, *Brisben* v. *Wilson*, 60 Pa. St., 452. So, where a statute provided that every action on a judgment shall be brought within ten years next after the judgment was entered, and not afterward, and judgment was entered March 15, 1859, and an action was commenced on it March 15, 1869, it was held to have been commenced in time. *Warren* v. *Slade*, 23 Mich., 1; s. c., 9 Am. Rep., 70."

And in Am. & Eng. Enc. of Law, volume 13, on page 747, the same rule is given in substance, and there are numerous authorities cited; and also in volume 26 of the same work, pages 5 and 6, there is a very extensive collection of authorities cited in support of the text.

In 2 Wallace, there is a decision by the supreme court of the United States, decided in 1864. The case begins on page 177, but I read from the opinion of the court on page 190 :

"The rent becoming due on the first day of May, the one month from that time within which the payment was required to be made to prevent a forfeiture, expired on the 1st day of June following. In the computation of time the day upon which the rent became due was to be excluded. The general current of modern authorities on the intrepretation of contracts, and also of statutes, where time is to be computed from a particular day or a particular event, as when an act is to be performed within a specified period from or after a day named, is r.

exclude the day thus designated and to include the last day of the specified period. 'When the period allowed for doing an act,' says Mr. Chief Justice Bronson, 'is to be reckoned from the making of a contract, or the happening of any other event, the day on which the even, happened may be regarded as an entirety or a point of time, and so excluded from the computation.' *Cornell* v. *Moulton*, 3 Den. 16 ; see, also *Bigelow* v. *Wilson*, 1. Pick., 485."

In 73 Pa. St., reported in volume 13 Am. Rep., page 731, the opinion of the court is very short. It says : ·

"The only question necessary to be considered in this case is, was the plaintiff's action barred by the statute of limitations? The last item of timber in the account sued on was delivered on the 6th of October, 1862, and the action was commenced on the 6th of October, 1868. The act provides that actions for account shall be commenced and sued 'within six years next after the cause of such actions accrued, and not after.' There can be no doubt that the cause of action in this case arose on the day the timber was delivered. If that day is to be excluded from the reckoning, the six years had not expired when the suit was commenced. But why, even if the words of the act are to receive a strict and literal construction, should it not be excluded? 'Within six years next after the cause of action accrued,' as applied to the facts of this case, must necessarily mean within six years next after the day on which the timber was delivered. The day of the delivery must, therefore, be excluded in counting the time within which the action may be brought. If suit may be commenced within six years next after the day on which the cause of action arose, then it is too plain for argument that that day is not to be included in the computation. But if there could be any doubt as to the proper construction and meaning of the act, the rule must now be regarded as settled that when an act of assembly requires a thing to be done, within a certain time from or after a prior date, and deprives the party of a right for omitting it, the most liberal construction is to be chosen and the furthermost time given from which the reckoning is to be made. In other words, the day from or after which the count is to be made is to be excluded in computing the time within which the act may be done." Citing a number of cases.

In a case reported in 54 Am. Rep., page 146, a case decided in New Jersey, being an action for money had and received; the money was received on June 6th, 1878, and the suit begun on June 6th, 1884. The question was made whether or not that suit was barred. That court says that the modern rule is that the first day should be excluded; and in citing a case in 15 Veasey, 248, *Lester* v. *Garland*, gives this reason:

"Our law rejects fractions of a day. The effect is to render the day a sort of indivisible point, so that any act done in the compass of it is no more referable to any one than to any other portion of it; but the act and the day are co-extensive, and therefore the act cannot properly be said to be passed until the day is passed." It cites, in a foot note, 45 Am ...... 410.

This method of computing time is of daily application in the filing of motions for new trials, bills of exceptions, petitions in error and appeal bonds.

With such review as we have been able to give of the authorities on this question, although we recognize the fact that cases can be found which hold the other way, a majority of the court is of the opinion that in the computation of the six years, that March 16, 1887, should not be

included; so that the action would not be barred on the 16th of March, 1893; and the judgment of the court below is, therefore affirmed.

POMERENE, J., (dissenting.)

I am compelled to dissent from the opinion of the majority of the court in the conclusion arrived at.

I will briefly state my views of the case. I do not think that the authorities cited and referred to have much bearing upon the question before us, All those authorities are based upon the peculiar statutes of the states. Now, we have a statute (and which, it is conceded, governs):

"Within six years. An action upon a contract not in writing, either express or implied."

We all agree that this section of the limitation act governs and controls this case. The language is "within six years." We further agree that an action could have been commenced on this account on the 16th day of March, 1887. This action was commenced on the 16th day of March, 1893. Hence, allowing this to be within time, this party is allowed seven 16th days of March in which to commence this action, and I think the party would only be entitled to six 16th days of March. Allowing this suit to be commenced within this time, it seems to me that they have six years and one day within which to commence this action, and not six years, as prescribed by the statute.

Another reason why I am forced to dissent from the conclusion of the majority of the court. This same question was before this court, differently constituted from what it now is, two years ago, at Canton. Exhaustive briefs had been prepared, and a large amount of money depended upon the question. It was the unanimous opinion of the court, as then constituted, that it would be one day too late. I would dissent for that reason.

This exact question has never been before the supreme court of Ohio, so far as I know.

*Fulton & Fulton*, for Plaintiffs in Error.

*J. V. Hilliard*, for Defendant in Error.