WALLACE v. SYRACUSE, B. & N. Y. R. CO.

(Supreme Court, Appellate Division, Third Department.    March 8, 1898.)

1. NOTICE OF TRIAL—SERVICE—FRACTIONS OF DAY.
    Notice of trial, which Code Civ. Proc. § 977, permits to be served at any time "after the joinder of the issue," is ineffectual where served on the same day, but before the answer is served; the principle that the law does not regard fractions of a day having no application.

2. SAME—EXTENSION OF TIME TO ANSWER.
    Sup. Ct. Rule 24, providing that, in case of extension of time to answer, date of the issue shall be as of the time when the answer would have been served in the absence of an extension, does not allow notice of trial to be served before the answer.

Appeal from trial term, Cortland county.

Action by Alvin D. Wallace against the Syracuse, Binghamton and New York Railroad Company. From order denying motion to strike the cause from the calendar, defendant appeals. Reversed.

The defendant's time to answer, which had been extended by order, expired on the 10th day of January, 1898. At 2 o'clock in the afternoon of that day, and before the service of an answer, the plaintiff served a notice of trial for the Cortland trial term appointed to be held on the 24th day of January, 1898, which the defendant forthwith returned to plaintiff's attorneys upon the ground that the issue had not then been joined in the action. Thereafter, at 8 o'clock in the evening of January 10th, the answer was served by mail. There was no other notice of trial served. The cause was placed by the plaintiff on the calendar of the Cortland trial term, which convened on the 24th day of January, 1898. The defendants, on an affidavit showing the above state of facts, moved to strike the cause from the calendar. The motion was denied, and from the order thereupon entered the defendant appeals.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Jenney & Jenney (Julie R. Jenney, of counsel), for appellant.
Dougherty & Miller (Nathan L. Miller, of counsel), for respondent.

PER CURIAM. Section 977 of the Code of Civil Procedure provides that "at any time after the joinder of issue, and at least fourteen days before the commencement of the term, either party may serve a notice of trial." Under the provisions of this section, the procedure of the plaintiff in attempting to serve a notice of trial before the defendant had served its answer was unauthorized. At the time of such attempted service no issue had been joined, and there was no issue to be noticed for trial. The defendant's attorneys, therefore, were authorized to return the notice, as they did, at 3 o'clock in the afternoon of the day of its service. On their refusal to receive the paper and its return, the notice of trial being unauthorized by the provisions of section 977 of the Code of Civil Procedure, it had no more force or effect than if service thereof had not been made or attempted. After the return to the plaintiff's attorney of the notice of trial, at 8 o'clock in the evening of January 10th, issue was joined by the service of defendant's answer. No notice of trial was therefore served by the plaintiff. We are of opinion that the cause could not have been brought to trial on the notice served before the joinder of issue, and which the defendant had properly refused to receive, and had returned to plaintiff's attorneys. Counsel for the respondent invokes the principle "that the law does not regard fractions of a day"; that the answer having been served on the 10th day of January, 1898, and the notice of trial on the same day, it does not matter at what hour of the day said notice was served. But the principle invoked will not be allowed to nullify the plain provisions of the statute. Section 977 of the Code of Civil Procedure only allows the service of a notice of trial after the joinder of issue. There is no ambiguity in the statute. Its terms are plain and clear. Courts will take notice of the fractions of a day, "where there are conflicting rights, for the determination of which it is necessary for them to do so." Prentiss v. Bowden, 8 Misc. Rep. 420, 28 N. Y. Supp. 666; Id., 145 N. Y. 342, 40 N. E. 13; Marvin v. Mar-

vin, 75 N. Y. 240. The provisions of Sup. Ct. Rule 24, which provides that where there is an extension of time to answer, as in this case, the date of the issue shall be as of the time when the answer would have been served had no extension been granted, does not affect the question under consideration. The object of the rule is to allow a plaintiff, where extensions have been granted, to retain his proper place on the calendars of trial courts. Notwithstanding the rule, when the plaintiff attempted to serve his notice of trial this cause was not at issue, and such service was unauthorized by the provisions of the statute.

The order should be reversed, with $10 costs and disbursements.