### LOSEE v. DOLAN.

(Greene County Court. February 13, 1902.)

**1. ORDER—FAILURE TO ENTER—EFFECT.**
　　If a party entitled to do so fails to enter an order in 24 hours after a decision is made, any party interested may have it drawn up and entered.

**2. SAME—TIME—COMPUTATION.**
　　In determining whether 24 hours have elapsed since the making of an order vacating a default judgment without its being filed by defendant, so as to authorize plaintiff to file it, time should be figured by the hour and not by the day.

**3. VACATING DEFAULT—SUCCESSIVE ORDERS.**
　　Where defendant had failed to file an order vacating a default judgment for 24 hours, and further delay would have prevented plaintiff

from noticing the case for trial at the coming term, the court had authority at plaintiff's instance to sign a second order of the same import vacating the judgment, though the first order had not been set aside.

4. SAME—FILING MOTION PAPERS—NECESSITY.

Under rule 3 of the general rules of practice, providing that the clerk shall not enter any order unless the papers used on the motion are filed, except where otherwise specially directed by the court, an order setting aside a default cannot be entered until the papers on which it is granted are filed.

Action by Obadiah Losee against Michael Dolan. Motion to vacate order setting aside default judgment and permitting defendant to come in and answer on payment of $12 costs and on condition that defendant accept short notice of trial. Granted.

Alberti Baker, for plaintiff.

D. H. Daley, for defendant.

TALLMADGE, J. On the 30th day of November, 1901, a motion was made to vacate a judgment entered herein by default on the 15th day of November, 1901, for $79.97 damages and costs. An order was made by this court that such judgment should be set aside and vacated, and that the defendant be and he was permitted to come in and defend and serve an answer in the action on the payment of $12 costs, said judgment to stand as security until the determination of the action; and on the further condition that the defendant accept short notice of trial, to be served on or before December 2, 1901. The order was dated and signed by this court on the 30th day of November, 1901, which was on Saturday, about 12 o'clock noon. On Monday afternoon, December 2d, the plaintiff's attorney presented to the court, who had signed the former order, another order, containing in substance the order made by the court on November 30th, and, it appearing that the order signed on November 30th had not been filed or entered in Greene county clerk's office, order No. 2 was signed by the court, and the same was filed and entered in Greene county clerk's office at about 4 o'clock in the afternoon on December 2, 1901. Thereafter, and on the 4th day of December, 1901, the defendant's attorney filed in Greene county clerk's office the order signed by said court on November 30, 1901, after the order signed by the court on December 2d had been filed and entered by plaintiff's attorney. This motion is made by plaintiff's attorney to vacate and set aside the order last filed in Greene county clerk's office by defendant's attorney, which was the order signed by the court on November 30, 1901, and to require the defendant to file the papers upon which the order was granted. A motion was also made by the defendant's attorney to vacate and set aside the order entered by plaintiff's attorney on December 2, 1901, which was brought up by an order to show cause, and both of said motions were heard together. It is contended on the part of the plaintiff that, 24 hours having elapsed after the signing of the first order, and the defendant having failed to enter the same, for the purpose of protecting his rights he was authorized as a matter of law to obtain and enter the order, and, having done so, his order should stand in preference to the order subsequently filed on the 4th day of December, 1901. No contention is made that

there is any substantial difference in the two orders. The defendant contends: First, that, the court having signed an order on November 30, 1901, he had no right or jurisdiction to sign another order while that order remained unrevoked; second, that 24 hours had not elapsed between the signing of the first order and the signing of the second order, and that he had all day Monday in which to enter the order, even though the plaintiff's contention was correct that he was permitted to obtain and enter order No. 2 after 24 hours had elapsed from the signing of the first order; and he cites in support of such contention Laws 1892, c. 477; Bissell v. Bissell, 11 Barb. 96; Anonymous, 2 Hill, 375; Charles v. Stansbury, 3 Johns. 261; Insurance Co. v. Simmons, 10 Wend. 560; Dorsey v. Pike, 46 Hun, 112. The statute and decisions referred to are all in reference to figuring time where days are named, and not in reference to figuring time by the hour, and therefore do not apply to this case. However, it has been held that courts will take notice of fractions of a day when there are conflicting rights for the determination of which it is necessary for them to do so. Prentiss v. Bowden, 8 Misc. Rep. 420, 28 N. Y. Supp. 666. If a party entitled to do so fails to enter an order in 24 hours after a decision has been made, any party interested may have it drawn up and entered (In re Rhinebeck & C. R. Co., 8 Hun, 34); and this has been the recognized law for many years (Whitney v. Belden, 4 Paige, 139). Time in this case must be figured by the hour, and not by the day. That being so, more than 24 hours elapsed from noon on November 30th to 4 o'clock in the afternoon, December 2d, excluding the intervening Sunday.

As to the contention that the court, having signed an order, it had no jurisdiction to sign another order, in a case like this, until the first order was vacated or set aside, there seems to be no reported decision directly in point. The case coming nearest to the one at bar is that of Decker v. Kitchen, 8 Wkly. Dig. 537, where an order was entered by the defeated party before the expiration of 24 hours after the rendition of the decision, and, the prevailing party having entered a timely order, it was held by the court that the prevailing party, having the right to enter the order, and having entered the same in time, the first order, entered before the expiration of 24 hours, should be vacated. We are also cited to section 1304 of the Civil Code. That section of the Code provides for an appeal from an order made by a judge out of court, and that, where a person obtaining an order does not enter the same, an order may be obtained requiring the same to be entered, and, if not so entered, that the order be dismissed. This section is not controlling on the question now before us. The order that we are now considering is one made by the court, and, while it may have been correct practice for the plaintiff to have moved for an order requiring the defendant to file and enter the order signed on November 30, 1901, and the papers upon which the same were granted, this course would have materially delayed matters, and have prevented the plaintiff from obtaining a speedy trial of the action, and thus have deprived him of the rights granted him by the order. I am strongly inclined to the opinion that the court has sufficient power and authority over

its own orders, at least up to the time when they are entered, to see that the rights of parties are protected, and that parties obtain the benefits granted them by the order; and that, where it can be readily seen that injustice might be done by withholding the order already signed, the court should sign another order embracing the same subject-matter, so that it might be filed and entered in time to enforce the terms of the order. The court has been defined as "a place where justice is judicially administered." Co. Litt. 58; 3 Bl. Comm. 23. "Every regularly constituted court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction and to prevent any abuse of its processes." 8 Am. & Eng. Enc. Law (2d Ed.) p. 28. For the purpose of seeing that no injustice should be done, and that the terms of the order should be carried out and enforced, the second order, in effect the same as the order signed on the 30th day of November, was signed by the court on December 2d, and was entered by the plaintiff's attorney in Greene county clerk's office. That was the last day on which the plaintiff could serve notice of trial for the then coming term of county court for Greene county, and the order would not be in effect until it was filed and entered in Greene county clerk's office, and, if withheld by the defendant's attorney, might have prevented a trial of the action at that term of the court if the plaintiff elected to notice the same for trial under the terms of the order. No injustice is done the defendant by the signing and entering of the second order. An injustice may have been done the plaintiff had the second order not been signed by the court and entered by said plaintiff's attorney.

It further appears from the papers in the action that the affidavits and papers upon which the motion was made on November 30, 1901, and upon which the order or orders were granted, were withheld by the defendant's attorney, and were not filed in Greene county clerk's office until the 4th day of February, 1902, and that the answer used on said motion has not yet been filed in said Greene county clerk's office, and no order has been made dispensing with the filing of the same. These papers so filed February 4, 1902, were presumably filed after the motion papers were served upon defendant's attorney to vacate the order filed in Greene county clerk's office on November 4, 1901. The order filed by defendant's attorney could not be entered by the clerk until the papers upon which the order was granted were filed with the county clerk. Rule 3 of the general rules of practice. The plaintiff, at the time he filed order No. 2 and the one that was granted on December 2d, also filed all papers in his possession used by him on the motion, and did all in his power to comply with the rule. We are constrained to hold, under the circumstances, that the order first signed, but subsequently filed in Greene county clerk's office on the 4th day of December, 1901, should be vacated and set aside, and the order obtained and entered on the 2d day of December, 1901, should be allowed to stand as the order in the case. The answer used on the motion should be filed in Greene county clerk's office.

It is so ordered. Ten dollars costs are hereby granted in favor of the plaintiff against the defendant.