ABRAHAM SIMON and Others, Respondents, *v.* JOHN H. VANDER-
VEER, Appellant.

*Contract for the sale of land — action to recover the money paid — objections to title
must be stated and proved — proof of a hostile claim and of a lis pendens not
alone sufficient.*

In an action brought against a vendor to recover the amount paid on account of the purchase price of real property and the expense of the examination of the title thereto by a vendee who refuses to take title to the real estate which he has agreed to purchase, upon the ground that the title thereto of the vendor is defective, the vendee must point out the objection, and give proof tending to establish it, or give proof which creates such doubt in respect to the title as to render it unmarketable.

If the defect is disclosed upon the face of the record title he need go no further, but if the defect depends upon some extrinsic fact not disclosed by the record, he must show the fact which justifies his refusal to accept the title tendered.

A pending action, brought to establish the title of a third person to or his lien upon the land in question, does not of itself, nor does a duly recorded notice of the pendency of such action, make the vendor's title defective or create a lien upon the land, and the burden rests upon the vendee to prove the alleged cause of action of such third person, and if, when he rests his case, he has only shown that the plaintiff in such action asserts some claim to the land, and he has not shown that such claim is founded on fact, or raises a question of such doubt as to make the title of the vendor unmarketable, he has failed to establish his cause of action.

APPEAL by the defendant, John H. Vanderveer, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office

of the clerk of the county of Kings on the 26th day of June, 1894, upon the verdict of a jury rendered by direction of the court, after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 27th day of July, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Herbert T. Ketcham* and *Albert G. McDonald,* for the appellant.

*Jacob Manheim,* for the respondents.

BROWN, P. J.:

The respondents are vendees of real estate in the city of Brooklyn, under five contracts of sale, and this action was brought against their vendor to recover the amount paid on the purchase, with interest, together with expenses of the examination of the title.

At the close of the testimony, both parties having moved for a direction, the court directed a verdict in favor of the respondents for the amount claimed.

The ground of the action is that the defendant's title was defective or sufficiently doubtful to be unmarketable.

The contracts of sale were all executed and bear date in June and July, 1891. The deeds were to be delivered and the purchase money paid on October 5, 1891, and this time was subsequently extended by agreement to October 5, 1892. On that day defendant tendered deeds for the land, proper and sufficient in form, and plaintiffs were ready and willing to fulfill their part of the contract, but objected to the title on the sole ground that it was defective and incumbered by reason of a certain action then pending between one George W. Dalton and the appellant, in which action a *lis pendens* and complaint had been filed in the clerk's office of Kings county on September 29, 1892. The answer denied that the appellant's title was defective or incumbered, and averred that he was ready and willing to carry out the contract and convey a good title to the respondents.

It is unquestioned that prior to February 25, 1891, the appellant's title was good. On that day he entered into a written contract with Dalton, which, after reciting that appellant was the owner of sixty-

five acres of land in the twenty-sixth ward of Brooklyn, set forth the following agreement of the parties :

Dalton was to act as agent for the appellant in the surveying of said property, opening streets through the same, laying out lots and for the sale thereof.

Appellant was to accept $3,000 per acre for the land, the number of acres to be determined by the survey. He was to pay the cost of the improvements, and the cost thereof was to be added to the aforesaid stated sum per acre. He was to accept in payment of said stated value of said property all purchase money paid, and purchase-money mortgages received under all sales to be made, until the total sum of money and mortgages received therefrom should equal the price of the total number of acres at said price of $3,000 per acre.

The fifth provision of the contract was as follows :

" 5th. It is hereby further agreed, by and between the within-named John H. Vanderveer and George W. Dalton, that after said sales (as hereinbefore mentioned) of all or a portion of above-named premises the proceeds of said sales are to be paid out as follows, viz. : The said John H. Vanderveer is first to be paid the total sum of number of acres at the stated price of $3,000 per acre, the same to be determined by said survey to be made, with the further total sum paid out for all of said improvements as hereinbefore provided.

" The remaining part of said plot of land, or profits thereof, after the above is fully complied with, to be paid out in manner following, viz. :

" The said John H. Vanderveer is to receive three-quarters, that is, seventy-five (75) per cent thereof, and the said George W. Dalton is to receive the balance, one-quarter ; that is, twenty-five (25) per cent thereof."

The contracts with the plaintiffs were made pursuant to this agreement. They were witnessed by Dalton and refer to lots by numbers upon a map made by him.

It is plain that under this contract Dalton did not acquire any title to or interest in the land.

The plain intent and agreement of the parties was that the land should be sold and appellant should receive $3,000 per acre,

together with the cost of the improvements. After such sum had been paid in cash and purchase-money mortgages received from sales, the proceeds from the sale of the balance of the land was to be divided between Dalton and the appellant in the proportion specified in the fifth clause of the contract. It was not contemplated that Dalton should have any estate in or incumbrance upon the land itself. The title was always to remain in the appellant, and was to pass from him to the purchasers of the lots. The contract did not, therefore, impair the appellant's title, or create any incumbrance thereon, and no claim or assertion of an interest in the land by Dalton could, as a fact, create any defect therein.

It is the respondents' claim that they established their cause of action by proving the pendency of the action between Dalton and the appellant and the filing of the *lis pendens*, and that they were not bound to introduce the contract between Dalton and the appellant in evidence.

This claim amounts to nothing on this appeal, as the contract was put in evidence by the appellant, and the court's final ruling in directing a verdict was based upon it and involves its construction.

In holding that the title was doubtful and unmarketable, we think the learned trial court erred. The burden rested upon the plaintiffs to prove their alleged cause of action. The gist of their claim was that the appellant's title was defective by reason of some incumbrance thereon held by Dalton. The fact essential to plaintiffs' case to be proven was not that Dalton claimed an interest in the land, but that he possessed such an interest, or that the claim which he asserted was based upon such facts that the result of the trial of an action in which the claim would be at issue would be doubtful.

A pending action brought to establish title to or lien upon land does not of itself, nor does a duly recorded notice of its pendency, make the title defective or create a lien on the land. (*Hayes* v. *Nourse*, 114 N. Y. 595.)

The introduction in evidence of the *lis pendens* and complaint, and proof of their filing in the clerk's office, did not, therefore, show that the title was defective. It only showed that Dalton asserted some interest therein. The plaintiffs were bound to go further, and show the facts on which the claim rested.

" A vendee who refuses to take title upon the ground of defect

therein, must point out the objection, and give proof tending to establish it, or to create such a doubt in respect thereto as to render the title unmarketable. If the defect or doubt is disclosed on the face of the record title, he need go no further, but if it depends upon some extrinsic fact not disclosed by the record, he must show the fact which justifies his refusal to accept the title tendered." (*Greenblatt* v. *Hermann*, 144 N. Y. 13.)

The defect alleged in the appellant's title did not appear on the face of the record. It depended upon the contract which was alleged in Dalton's complaint.

When the plaintiffs rested their case they had established no cause of action, as they had shown only that Dalton asserted some claim to the land. They had not shown that it was founded on fact, or raised a question of such doubt as to make the appellant's title unmarketable.

When the contract was introduced by the appellant it appeared conclusively that Dalton had no interest in the land.

A vendee of real estate is not justified in refusing to accept the title tendered upon the sole ground that a third person asserts or claims some interest therein. His refusal must rest upon some substantial grounds, and the burden is cast upon him to show the facts which render the title defective.

In *Ferry* v. *Sampson* (112 N. Y. 415) it was said, in speaking of an objection to a title under a decree in partition, that " the rule is not absolute that a disputable fact not determined by the judgment is in every case a bar to the enforcement of the sale. It depends in some degree on discretion. If the existence of the alleged fact which is supposed to cloud the title is a possibility merely, or the alleged outstanding right is a very improbable and remote contingency, which according to ordinary experience has no probable basis, the court may, I suppose, compel the purchaser in such a case to complete his purchase."

In that case an objection to the title was overruled, although there was no proof of the death of a former owner of the land, or, if dead, that he had not left a widow or heirs at law surviving him.

In *Shriver* v. *Shriver* (86 N. Y. 575) it was said: " Where the title depends upon a matter of fact, such as is not capable of satisfactory proof, a purchaser cannot be compelled to take it."

We are of the opinion that, under the contract with the appellant, Dalton acquired no interest in or lien upon the land, and that the trial court should have so ruled.

The judgment must be reversed and the complaint dismissed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment reversed and complaint dismissed, with costs.