GEORGE LEWIS PRENTISS, as General Guardian, etc., Appellant, *v.* ELLEN BOWDEN, Respondent.

To sustain an action brought by a judgment creditor in his own behalf simply, to set aside a conveyance of land made by his debtor, on the ground that it was made in fraud of creditors, plaintiff must show that he has exhausted his remedy at law against the debtor by the issue and return of an execution unsatisfied in whole or in part.

An execution issued after the death of the debtor, without notice to his representatives or permission of the surrogate, will not meet the requirement, as such an execution is prohibited (Code Civ. Pro. § 1379) and is absolutely void.

The validity of the execution may be assailed in the creditor's suit.

Where, therefore, in such an action the fact of the death of the debtor before the issuing of the execution was set forth in the answer, and it appeared that the debtor died on the same day, but before the execution was issued, *held*, that it was void; and so, that the action was not maintainable.

Also *held*, the fact that the defendant, the grantee of the debtor, was appointed his executrix for the purposes of appeal after the return of the execution, and caused herself to be made a party to the action in which the judgment was rendered, did not affect the question, as prior to her becoming a party the invalidity of the execution was conclusively settled.

*It seems*, that such an action may be maintained by a judgment creditor in behalf of all the creditors, without the issuing and return of an execution, upon refusal of the representatives of the deceased debtor to bring it.

The complaint in such an action should set up the refusal and the representatives should be made parties defendant.

*N. T. Bank* v. *Wetmore* (124 N. Y. 241), distinguished.

Reported below, 8 Misc. Rep. 420.

(Argued March 4, 1895; decided March 19, 1895.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made at the May term, 1894, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and ordered a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Geo. F. Bentley* and *William R. Wilder* for appellant. The execution against the property of William II. Bowden, issued on the 8th day of July, 1892, and returned wholly unsatisfied, was perfectly valid and regular. (Code Civ. Pro. §§ 1380, 2648; Laws of 1892, chap. 677; Laws of 1894, chap. 447; *Homan* v. *Liswell,* 6 Cow. 659; *Marvin* v. *Marvin,* 75 N. Y. 240; *Connell* v. *Moulton,* 3 Den. 15; *People* v. *N. Y. C. R. R. Co.,* 28 Barb. 284; *Phelan* v. *Douglass,* 11 How. Pr. 193; *Small* v. *McChesney,* 3 Cow. 19; *Jones* v. *Porter,* 6 How. Pr. 286; *Middlebrook* v. *Travis,* 22 N. Y. Supp. 672; *Jones* v. *P. Bank,* 5 Humph. 610; *P. Bank* v. *M. Bank,* 11 Mass. 204; *In re Welman,* 20 Vt. 653; *Duffy* v. *Ogden,* 64 Penn. St. 240; *Rush* v. *Van Benschoten,* 1 How. Pr. 149; *Lester* v. *Garland,* 15 Ves. 248; *Wright* v. *Mills,* 4 H. & N. 488; *Queen* v. *St. Mary,* 1 El. & Bl. 816; *Jones* v. *Ealer,* 8 W. L. Jour. 500; *Arnold* v. *United States,* 9 Cranch, 104; *McGill* v. *Bank,* 12 Wheat. 511; *Lough* v. *Outerbridge,* 143 N. Y. 271; *Town of Mentz* v. *Cook,* 108 id. 504; *Ostrander* v. *Weber,* 114 id. 102; *Harper* v. *Hill,* 35 Miss. 63; *Skelton* v. *Hamilton,* 23 id. 496; *Renaud* v. *O'Brien,* 35 N. Y. 97; *Hughes* v. *Wilkins,* 37 Miss. 483.) In any event the case at bar must be held to be an exception to the rule and doctrine laid down in *Adsit* v. *Butler* (87 N. Y. 585). (*N. T. Bank* v. *Wetmore,* 124 N. Y. 241; *Harvey* v. *McDonnell,* 113 id. 526; *Wetmore* v. *Wetmore,* 29 N. Y. Supp. 440; *Le Fevre* v. *Phillips,* 30 id. 709; *Ottman* v. *Cooper,* 81 Hun, 536; *Cuyler* v. *Ensworth,* 6 Paige, 34; *Brinkerhoff* v. *Brown,* 4 Johns. Ch. 674; *Shaw* v. *Dwight,* 27 N. Y. 244; *Case* v. *Beauregard,* 101 U. S. 690; *Valentine* v. *Richardt,* 126 N. Y. 272, 277; *Dudley* v. *St. Francis,* 138 id. 459; *Barnard* v. *Gantz,* 140 id. 251, 255.) William H. Bowden, upon the filing of the administrator's bond, upon which he was a surety, became the debtor of Marie Carleton, and she was an actual creditor of said Bowden in the sum of $3,250 at the time of the alleged fraudulent conveyances. (*State* v. *Howarth,* 48 Conn. 207; *State* v. *Gracey,* 96 Penn. St. 70; *Lee* v. *Lee,* 67 Ala. 406; *Cook* v. *John-*

*son*, 12 N. J. Eq. 52.) By the transfers of his real estate to his wife, which were recorded August 7, 1891, William H. Bowden became and rendered himself actually insolvent and unable to respond to his creditor, Marie Carleton. (*Reiper* v. *Poppenhauser*, 43 N. Y. 68; *Marsh* v. *Dunckel*, 25 Hun, 169; *Herrick* v. *Borst*, 4 Hill, 652.) These conveyances were made by William H. Bowden and accepted by his wife, this appellant, with the fraudulent intention of · thereby defeating the claim of the infant creditor Carleton. The transaction is stamped with all the *indicia* of fraud. .(*Fuller* v. *Brown*, 76 Hun. 557; *Reynolds* v. *Robinson*, 64 N. Y. 593; *Sands* v. *Hildreth*, 14 Johns. 493; *Swift* v. *Lee*, 65 Ill. 343; *Horton* v. *Dewey*, 53 Wis. 410; *Seward* v. *Jackson*, 8 Cow. 406; *Erickson* v. *Quinn*, 47 N. Y. 410; *Dunlap* v. *Hawkins*, 59 id. 346; *Cole* v. *Tyler*, 65 id. 78; *Smith* v. *Reid*, 134 id. 575.) The intention being fraudulent, it matters not whether the consideration for the transfers was good, valuable, adequate and sufficient, or the reverse. (*Stimson* v. *Wrigley*, 86 N. Y. 322; *Billings* v. *Russell*, 101 id. 226.) The effect of these transfers being to defeat the claim of Marie Carleton, the law will disregard the actual motives or intent of both the grantor and grantee, and will presume that they were fraudulent and corrupt. (*Cole* v. *Tyler*, 65 N. Y. 77; *E. S. M. Co.* v. *Grant*, L. R. [17 Ch. Div.] 122; *Moore* v. *Wood*, 100 Ill. 451; *Ford* v. *Williams*, 24 N. Y. 359; *Edgell* v. *Hart*, 9 id. 213; *Wilson* v. *Robertson*, 21 id. 587, 593; *Kiskerbock's Appeal*, 51 Penn. St. 485.) The exceptions taken by defendant on the trial, and those filed to the findings of fact and conclusions of law, and refusals to find as by the defendant requested, are untenable. (*Spencer* v. *Cuyler*, 17 How. Pr. 157; *Hoffman* v. *Duncan*, 27 N. Y. Supp. 658; *Conboy* v. *Cunningham*, 24 id. 75; *Penfield* v. *Sage*, Id. 994; *White* v. *Balta*, 27 id. 902; *Sayles* v. *De Graff*, 82 Hun, 73; *Barnard* v. *Gantz*, 140 N. Y. 251; *Clark* v. *State*, 142 id. 101; *In re Cottrell*, 95 id. 332.)

*Benjamin Patterson* for respondent. No execution was issued during the lifetime of the judgment debtor, and no

proceedings for leave to issue execution after his death were ever had. The execution issued after his death was, therefore, void. (*Adsit* v. *Butler*, 87 N. Y. 585; Code Civ. Pro. §§ 1379–1381; *Wallace* v. *Swinton*, 64 N. Y. 188; *Woodcock* v. *Bennett*, 1 Cow. 711; *Stymets* v. *Brooks*, 10 Wend. 207; *Campbell* v. *Rawdon*, 18 N. Y. 412.) The rule with regard to fractions of a day has no application to this case, in view of the language of section 1379, but even that rule, if applied, cannot help out the void execution here. (*C. T. Co.* v. *Hayward*, 10 Wend. 420; *Marvin* v. *Marvin*, 75 N. Y. 240; *Haden* v. *Budensieck*, 49 How. Pr. 241; *Patterson's Appeal*, 96 Penn. St. 93.) Appellant's claim, that the execution cannot be attacked collaterally, is untenable. (*Lichtenberg* v. *Hertfelder*, 103 N. Y. 302.) The plaintiff has failed to prove that the conveyances were made by the deceased, William Bowden, with intent to hinder, delay and defraud creditors, especially in that he has failed to show that the deceased was rendered insolvent by making the conveyance of June 4, 1891. (*Kain* v. *Larkin*, 131 N. Y. 300; 2 R. S. 137, § 1.

FINCH, J. There is no ambiguity in the character and scope of this action. It is brought by a judgment creditor against the grantee of his debtor to set aside a conveyance of land as made in fraud of creditors and to appropriate the property to the payment of the debt. The plaintiff sues for herself alone and in her own sole right as judgment creditor. She joins no other creditors and does not sue for their benefit, but exclusively for her own. It is of course a necessary condition of a right to invoke the aid of equity in such a case that the creditor should have first exhausted her remedy at law by the issue and return of an execution unsatisfied in whole or in part. The plaintiff issued such an execution, but not until the debtor was dead. That death occurred between seven and eight o'clock in the morning and the execution was issued four or five hours later on the same day. The court below has held that the execution was nugatory and abso-

lutely void, and cannot serve as a fulfillment of the condition precedent to the maintenance of the action. The whole controversy turns upon that point. It is technical in its character, and yet the rule subserves an important and substantial purpose. Equity intervenes always for a reason and never needlessly : and, declining its relief when there is a sufficient and adequate remedy at law, is obliged to say by what proof it shall be established that the remedy at law has been tried and failed. It has selected for that proof the issue and return of an execution, both because that is the natural and usual mode of enforcing the legal right, and because it is easy to prove or disprove and involves no necessary dispute. We are not at liberty, therefore, to disregard it as a needless and unmeaning ceremony.

An execution against the property of a dead man, without notice to his representives or the permission of the surrogate, is wholly unauthorized. The Code explicitly forbids it (§ 1379), except as provided in the next two following sections. These provide that the leave of the court which rendered the judgment and of the proper surrogate must be first obtained, and the mode and manner of securing the permission is pointed out. Without such permission the execution is forbidden, and not merely voidable but absolutely void. We so held in *Wallace* v. *Swinton* (64 N. Y. 188). The appellant seeks to escape the effect of that case upon the ground that it declares the execution absolutely void against those who are not made parties to proceedings authorized by law for revival of the judgment against their property, and that the defendant is in fact executrix of the deceased judgment debtor and caused herself to be made a party to the judgment for the purposes of an appeal. But she did that five weeks after the execution had been returned, and when the invalidity of that writ was already conclusively settled. Cases also are cited in which it has been held that such an execution is merely voidable, but they are of little utility because entirely unaffected by a peremptory statute forbidding utterly the issue of such an

execution, except only after the prescribed notice and permission. It is urged also that the validity of the execution cannot be assailed collaterally. The cases declaring that doctrine are cases of irregularity merely, and not those in which the execution was absolutely void. It is further said that there are exceptions to the general rule requiring the issue and return of an execution, and one of them is when that preliminary step is impossible. But it was not necessarily impossible in the present case. On a proper application leave might have been granted. The truth is the plaintiff is seeking an advantage for herself above and beyond that belonging to the other creditors of the deceased. Our whole theory of administration rests upon the idea that when a man dies his estate shall answer to his creditors equally and without preference, and the surrogate is purposely made master of the situation to prevent inequality of payment. This plaintiff could undoubtedly have maintained an action for the benefit of all the creditors, after refusal of the representatives, to set this conveyance aside, but instead of that she is seeking, by an ordinary creditor's action, to secure payment of her own debt regardless of what may happen to others. For the effort now made to turn the action into one of the permitted character has too many difficulties in the way to succeed. Something of that kind was done in *National Tradesman's Bank* v. *Wetmore* (124 N. Y. 241), but there the question was not raised by the answer, while here the facts which raise it are fully pleaded. The death of the debtor before the issue of execution, the probate of his will, the appointment of John S. Wetherley and the defendant Ellen Bowden as executors are each alleged. If a request to Ellen as executrix to disaffirm her own title would be needless because absurd, that fact is not true of the executor, and his right cannot be arbitrarily set aside. And where the creditor may sue in behalf of the representatives refusing to do their duty, that fact should be alleged and such representatives be made parties defendant. (*Harvey* v. *McDonnell*, 113 N. Y. 531.) The executor Wetherley is not made a party at all, and the executrix only as an

individual. The plaintiff, however, though failing in this action, may hereafter pursue the other remedy.

The order should be affirmed and judgment absolute ordered for the defendant on the stipulation, with costs.

All concur.

Order affirmed and judgment accordingly.