(10 App. Div. 541.)

### GRACE v. BOWDEN.

(Supreme Court, Appellate Division, Second Department. December 8, 1896.)

VENDOR AND PURCHASER—SUFFICIENCY OF TITLE—LIS PENDENS.

    A title is not rendered doubtful by the mere existence of lis pendens on the record, but to justify its rejection by a purchaser, and entitle him to recover for breach of contract to convey, where conveyance is offered, he must show that doubt was created by the character of the claim made in the action to which the lis pendens referred.

Appeal from trial term, Kings county.

Action by Patrick J. Grace against Ellen Bowden for breach of contract. From a judgment entered on a verdict directed by the court in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Edward G. Nelson, for appellant.

Benjamin Patterson, for respondent.

WILLARD BARTLETT, J. The plaintiff rejected the title offered him by the defendant under a contract for the purchase of

real estate, and by this action sought to recover $1,000 which he had paid upon the execution of the contract, and $1,000 as liquidated damages for the breach of the agreement. The objections to the title were not such as to justify the course of the plaintiff in refusing to accept it. The mere existence of the notice of lis pendens on record in the case of Prentiss v. Bowden, 145 N. Y. 342, 40 N. E. 13, was not enough to make the title doubtful. The objecting party was bound to go further, and show that doubt was created by the character of the claim which was made in the suit to which the notice of lis pendens referred. Simon v. Vanderveer, 84 Hun, 452, 32 N. Y. Supp. 394; Hayes v. Nourse, 114 N. Y. 595, 22 N. E. 40. This the plaintiff did not do in the case at bar. On the contrary, the proceedings in the suit in which the notice of lis pendens had been filed showed that the claim made therein was without validity, as has since been decided by the court of appeals. Prentiss v. Bowden, 145 N. Y. 342, 40 N. E. 13. The appellant contends that such claim was maintainable under chapter 740 of the Laws of 1894; but the decision of the court of appeals, which was not rendered until March, 1895, long after the amendatory statute took effect, seems conclusive against him on this point. The plaintiff should take the title offered by the defendant. If he continues to refuse to do so, he must lose what he has already paid on the contract.

The judgment and order below were right, and should be affirmed, with costs. All concur.