### DITMAS v. McKANE et al.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. JUDGMENT CREDITORS' ACTION—JUDGMENT TO SUPPORT—ADMINISTRATORS.

Code Civ. Proc. § 2595, provides that the surrogate may direct securities for the payment of money belonging to an estate to be deposited with a trust company, after which the administrator's bond may be fixed without regard to such securities; and that a security thus deposited shall not be withdrawn from the custody of the trust company, and no person other than the proper officer of the trust company shall receive or collect any of the principal or interest secured thereby, without an order of the surrogate. *Held*, that an action by the administrator on a note thus deposited with a trust company, and issuance of execution by him on the judgment therein recovered, all without order of the surrogate, are without right, and do not furnish a valid judgment and return of execution unsatisfied, necessary for a judgment creditors' action by the administration.

2. SAME—VALIDATION OF JUDGMENT.

A judgment in favor of an administrator, on a note deposited with a trust company under Code Civ. Proc. § 2595, invalid because there was no order of the surrogate therefor, is not validated, so as to support a judgment creditors' action by him, by the fact that, after rendition of the judgment and return of the execution, he individually acquired title to the note.

Appeal from Special Term, Kings County.

Action by Abigail V. Ditmas individually and as surviving administratrix of Henry C. Ditmas, deceased, against James McKane and others. From the judgment for plaintiff, and from various orders, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

William E. C. Mayer, for appellant James McKane.

George W. Roderick, for appellants George W. Roderick, George E. McKane, individually and as executor of Fanny McKane, deceased, and Fanny McKane.

Marcus B. Campbell, for appellant Ira McKane, individually and as executor of Fanny McKane, deceased.

Somerville & Sheehan, for appellant Theodore McKane.

Joseph A. Burr, for respondent.

O'BRIEN, J.  This is an appeal from a judgment in plaintiff's favor, setting aside certain deeds of property belonging to John Y. McKane, now deceased, as fraudulent.  Prior to the bringing of this action, John Y. McKane, who was then living, had the title in fee to many distinct parcels of real estate which are particularly described in the complaint, some of which were transferred to his brother, James McKane, and some to George W. Roderick.  The parcels thus separately deeded had, at the time of the commencement of this action, by mesne conveyances, in the making of which the appellants were concerned, come into the possession of Fanny McKane, wife of John Y. McKane.  When the original transfers were made, John Y. McKane was indebted to Henry C. Ditmas, deceased, in the sum of $25,000, which was represented by a promissory note for that amount.  The plaintiff herein, Abigail Ditmas, having, together with Johanna Ditmas, applied for letters of administration of the estate of Henry C. Ditmas, deceased, and not having furnished a bond in an amount sufficient to entitle her to receive and obtain possession and control of the entire assets, the surrogate, pursuant to the provisions of the Code of Civil Procedure to which we shall advert, issued letters of administration to them, but directed that the possession and custody of the note in question should not pass to the administratrix, but that the note should be deposited with a trust company.  Without thereafter obtaining any order or direction from the surrogate, and while the note was thus in the custody and possession of the trust company, the plaintiff, as surviving administratrix (Johanna Ditmas having died), brought an action against John Y. McKane, who was then in prison, and subsequently entered a judgment against him for the full amount of the note and interest.  Thereupon the plaintiff issued execution, and, it having been returned unsatisfied, she has now brought this action for the purpose of setting aside the conveyances made in favor of the several defendants, which, it is alleged, were made in fraud of her rights as a creditor.

It will be noticed that this is a judgment creditors' action, the basis of which is necessarily the obtaining of a valid judgment against the debtor, and the return of an execution against his property unsatisfied. If, therefore, the plaintiff had no right to sue upon the note and obtain a judgment, or, having the right to obtain a judgment, had no right to issue an execution to collect it against the property of the debtor, then it would follow that she had no right to institute this judgment creditors' action.  Section 2595 of the Code of Civil Procedure provides that in a case where—

"The value of the estate is so great that the surrogate deems it inexpedient to require security in the full amount prescribed by law, he may direct that any securities for the payment of money belonging to the estate or fund, be deposited with him to be delivered to the county treasurer or be deposited subject to the order of the trustee, countersigned by the surrogate with a trust company duly authorized by law to receive the same.  After such a deposit has been made the surrogate may fix the amount of the bond, with respect to the value of the remainder only of the estate or fund.  A security thus deposited shall not be withdrawn from the custody of the county treasurer or trust company and no persons other than the county treasurer or the proper officer of the trust company shall receive or collect any of the principal or interest secured thereby, without the special order of the surrogate entered in

the appropriate book. Such an order can be made in favor of the trustee appointed only where an additional bond has been given by him or upon proof that the estate or fund has been so reduced by payments or otherwise that the penalty of the bond originally given will be sufficient in amount to satisfy the provisions of law relating to the penalty thereof, if the security so withdrawn is also reckoned in the estate or fund."

Pursuant to this provision, the note was deposited with the trust company, which was alone entitled to "receive or collect" any of the property or interest secured thereby; and we have been unable to find any warrant for the step taken by the plaintiff, while it thus remained in the custody of the trust company, in suing upon a note which was not in her possession, and to which she had not obtained the title.

It may be suggested that, in analogy to limited letters of administration which are issued to collect death claims based upon negligence, a distinction is to be observed between the right to sue and the right to collect. By reference, however, to the statute under which such limited letters are issued (section 2664, Code Civ. Proc.), it will be noticed that, while the right to collect is withheld, the right to sue is expressly given. Under section 2595 of the Code, no such right to sue is given; and although the surrogate might, by subsequent order, have conferred such right—which we do not decide, because unnecessary—it is not contended that any such order in the present instance was granted. Even if there were a doubt upon this subject—which we do not entertain, holding, as we do, that the plaintiff could not, without the permission of the surrogate, sue upon the note while it remained in the custody of the trust company—there cannot be the slightest doubt upon the further proposition that the plaintiff had no right to issue an execution upon the judgment, because that is expressly forbidden by the section.

Although the letters of administration granted to the plaintiff were general in form, they were necessarily limited by section 2595 of the Code, which deprived the plaintiff of the custody and control of the note, and to that extent, therefore, they were, by the very language of the section, limited so as to exclude from the administration of the plaintiff the particular security which had thus been impounded, and which, as directed, was deposited with the trust company. By the grant of letters of administration, therefore, no right or authority was conferred upon the plaintiff to sue upon this particular note, because by order of the surrogate it had been deposited with the trust company; and we fail to see by what right the plaintiff could proceed to do so without first obtaining the consent of the surrogate. That the statutory requirements must be complied with, and that the conditions precedent must appear before a judgment creditors' action can be maintained, has been so frequently decided that the citation of authority would seem to be unnecessary; but as illustrative of the principle involved, two cases, among others to which we may refer, are Prentiss v. Bowden, 145 N. Y. 342, 40 N. E. 13, and Dittmar v. Gould, 60 App. Div. 94, 69 N. Y. Supp. 708.

We do not think, moreover, that a payment to the plaintiff, if made after the deposit of the note with the trust company, would have discharged the obligation of John Y. McKane upon it, particularly without his having obtained repossession of the note. This, however, the

plaintiff could not give him, and, as long as she had no power or authority to get the note for the purpose of surrendering it, she was not in a position to ask, demand, or receive payment. As she could not, therefore, legally receive payment from the debtor and discharge him, it is difficult to see upon what theory she could sue for and obtain a judgment against him, and thereafter issue execution to collect it.

It is suggested that, even though we reach the conclusion that the plaintiff, as administratrix, had no right to obtain the judgment and issue the execution, still, for the purpose of maintaining this judgment creditors' action, there is another view upon which it can be supported, namely, that she subsequently obtained, as an individual, all right, title, and interest in and to the note. In this connection our attention is called to the fact that upon the trial (and against the opposition of the defendants) an amendment was allowed to include Abigail Ditmas individually as a plaintiff, she having originally brought this action as administratrix. It appears that after the judgment was obtained upon the note, and the execution returned unsatisfied, and the estate of Henry C. Ditmas was collected and ready for distribution, a decree of the surrogate was entered in the matter of that estate, which directed distribution of the assets and discharged the administratrix, and which turned over the note in question to her as her individual property. The obvious answer is that all these things occurred after the obtaining of the judgment and the issuing of the execution upon which this judgment creditors' action is based; and it would be a curious process of reasoning which would render a judgment in favor of the plaintiff as administratrix, which was invalid when obtained, and upon which she had no right to issue execution, perfectly valid and effectual for the purpose of supporting the execution, upon the ground that she had at a much later date got possession of and title to the note as an individual. We do not think that the plaintiff, because of the subsequent transfer of the note to her as an individual, could obtain any rights in a judgment which, as administratrix, she had improperly obtained.

We do not deem it necessary to discuss the merits as to the validity of the transfers made by John Y. McKane in his lifetime, nor the numerous other questions which have been presented by the appellants, thinking, as we do, that the objection which we have been considering, and which lies at the very foundation of the plaintiff's right to maintain this judgment creditors' action, is fatal to such right. The appeal of the defendant Fanny McKane from the two orders denying motions to postpone trial must be dismissed. The order amending summons and amended complaint must be affirmed. The proceeding to bring up for review, upon the appeals from the judgment, the order amending the summons and amended complaint, and the two orders denying motions to postpone trial, must be dismissed.

The judgment must be reversed, and a new trial ordered, with one bill of costs to appellants to abide the event. All concur.