MARY KELLY, Appellant, *v.* THE SUPREME COUNCIL OF THE CATHOLIC MUTUAL BENEFIT ASSOCIATION, Respondent.

*Action on an insurance policy — by-law requiring that actual death must be shown — absence for seven years is not sufficient — defense that an action can only be brought within two years after the death and that no proof of death has been furnished — inconsistent defenses.*

A by-law of a mutual benefit association which provides that no time of absence or disappearance on the part of a member, without proof of actual death, shall entitle his beneficiary to recover upon his membership certificate, is not "illegal, unreasonable, inconsistent with the objects and purposes of the corporation, or repugnant to the law, to public policy or to good morals."

Where the complaint in an action commenced October 12, 1898, upon such a membership certificate, alleges that the member disappeared on September 1, 1891, and that the plaintiff is informed and believes that he died on that day, allegations contained in the answer to the effect that the by-laws of the association provide that no action shall be instituted upon the certificate unless brought within two years from the date of the member's death, constitute a valid defense, as do also averments that the by-laws pro-

vide that no part of the beneficiary fund shall become due or payable until
sixty days after proof of the death of the member has been furnished, and that
such proof of death has never been presented to the defendant.

A defendant may set up in his answer as many separate defenses to the plaintiff's
cause of action as he thinks he has, notwithstanding the fact that they are
inconsistent with each other.

APPEAL by the plaintiff, Mary Kelly, from an interlocutory judg-
ment of the Supreme Court in favor of the defendant, entered in
the office of the clerk of the county of New York on the 28th day
of June, 1899, upon the decision of the court, rendered after a trial
at the New York Special Term, overruling her demurrer to the
second, third and fourth defenses set forth in the answer.

The action was commenced October 12, 1898.

*Edward C. Delavan, Jr.,* for the appellant.

*J. A. Corbin,* for the respondent.

MCLAUGHLIN, J.:

This action was brought to recover $2,000, alleged to be due upon
a membership certificate of insurance issued by defendant to plain-
tiff's husband. The complaint alleged that in consideration of the
payment of an initiation fee and of sundry dues and assessments,
and in further consideration of the promises of Daniel W. Kelly,
plaintiff's husband, to comply with all the laws, rules and require-
ments of the defendant while he was a member, the defendant
delivered to him its beneficiary certificate in and by which it prom-
ised and declared that he was entitled to participate in the bene-
ficiary fund of the defendant to the amount of $2,000, which sum
should, on his death, be paid to his wife, Mary Kelly, this plaintiff,
or to his surviving children equally; that the plaintiff was at the
time the certificate was issued the wife of Daniel W. Kelly, and
that, as she is informed and believes, he died on the 1st day of Sep-
tember, 1891, and left no surviving children or issue of any deceased
child; that, as she is informed and believes, he fulfilled all the con-
ditions of said beneficiary certificate on his part; that she has com-
plied with all the conditions upon her part to be performed, and
that no part of said sum of $2,000 has been paid and the same is now
due.

An affidavit of the plaintiff was annexed to and formed a part of the complaint, and in this she stated that on September 1, 1891, she and her husband were living at No. 531 West Fortieth street in this city; and on that day her husband left the house for the purpose, as he said, of consulting a physician; that she saw him "pass out through the front door" and has "never seen him since nor * * * heard from him."

The defendant interposed an answer setting up four separate and distinct defenses, to the second, third and fourth of which the plaintiff interposed a demurrer, which was overruled, and from the interlocutory judgment entered upon this decision the plaintiff has appealed.

By the demurrer the plaintiff admits not only all the facts alleged in the defenses demurred to, but also all proper, legal inferences that can be drawn therefrom in favor of the defendant. The second defense concedes the issuing of the certificate referred to in the complaint, and alleges that it was issued, delivered to and accepted by Kelly subject to the constitution, by-laws, rules and regulations adopted by the defendant, as then and still in force, which specifically provided that no time of absence or disappearance on the part of a member of the defendant without proof of actual death "shall entitle his beneficiary * * * to receive any part or portion of said fund," and that no proof of the actual death of said Kelly has ever been made or presented to said defendant, but, on the contrary, as defendant is informed and believes, and as appears by the affidavit, a copy of which is annexed to the complaint, the plaintiff's claim that said Kelly is dead is based only upon his alleged disappearance and absence for a period of more than seven years. The foregoing facts being admitted, as they must be for the purpose of considering the demurrer, it does not require argument to demonstrate that the defense is not demurrable. It is based upon the constitution, by-laws, rules and regulations of the defendant, to which the plaintiff's husband assented, and as such it cannot be overthrown by demurrer unless, as plaintiff contends, it is in and of itself illegal, inconsistent with the purpose for which the certificate was issued, repugnant to law, or against public policy, and, therefore, void. It cannot be said to be invalid for any of these

reasons. Plaintiff's husband and the defendant had a legal right to agree as to the proof which should be furnished concerning his death before a liability to pay should arise. The presumption that death has occurred after a continued absence unheard from, for a period of seven years, is a rule of evidence. This presumption the parties have a perfect right to agree shall not apply, and that such absence shall not be evidence of death. The word "actual" used in the certificate has a definite and well-understood meaning. It is something real, in opposition to constructive or speculative, something existing in fact. By its use the defendant manifestly intended to and did provide against liability in a case of speculative or presumptive death. In other words, it sought to provide against liability in just such a case as this. The parties, as we have seen, had a legal right to enter into an agreement of this character, and it cannot be said to be "illegal, unreasonable, inconsistent with the objects and purposes of the corporation, or repugnant to the law, to public policy or to good morals."

The third defense also admits the issuance of the certificate, and alleges that it was issued to and accepted by Kelly in pursuance of the constitution, by-laws, rules and regulations of the defendant duly adopted and then and still in force, in and by which it was, among other things, provided that no action should be instituted or maintained against the defendant on the certificate by any person making a claim to such beneficiary fund or any part thereof unless such action should be commenced or instituted against the defendant within two years from the date of Kelly's death. This defense is somewhat inconsistent with the second one, but it cannot be stricken out upon demurrer for that reason, because there is no rule of law which prevents the defendant from pleading as many separate defenses to the cause of action as he may think he has. This defense alleges a condition precedent to the plaintiff's right to recover, which has not been performed, and if the defendant can establish upon the trial the facts alleged, then the plaintiff must fail in her suit. (*Roach* v. *N. Y. & Erie Ins. Co.*, 30 N. Y. 546; *O'Reilly* v. *Guardian Mutual L. Ins. Co.*, 60 id. 169; *Arthur* v. *Homestead Fire Ins. Co.*, 78 id. 462.)

The fourth defense admitted the issue of the certificate and alleged that the same was issued to and accepted by the plaintiff's husband

in pursuance with the constitution, by-laws, rules and regulations of the defendant then and still in force, in and by which it was, among other things, provided that, upon the death of Kelly, satisfactory proof of his death should be furnished to the branch of the defendant of which he was a member, upon blanks authorized by the defendant, and that no part of the beneficiary fund provided for in such certificate should become due or payable until sixty days after such proof of death had been furnished; that defendant had been at all times ready and willing to furnish the blanks provided for, but the plaintiff had failed and neglected to furnish such proof of death as provided for, and that no proof of death of said Kelly had ever been made or presented to the branch of the defendant of which he was a member, or to the defendant. The case of *O'Reilly* v. *Guardian Mutual Insurance Co.* (*supra*) is sufficient authority to demonstrate the sufficiency of this defense. It alleges that the plaintiff has not complied with the conditions which are prerequsite to the maintenance of the action. Even though it be conceded that the defendant is liable to pay by reason of the death of Kelly, nevertheless, by the facts stated in this defense, the money is not due and payable until after the condition set forth therein has been complied with. A cause of action in favor of the plaintiff will not accrue, in any event, until after the proof of death has been served as therein provided.

It follows that the interlocutory judgment appealed from must be affirmed, with costs, with leave to plaintiff to withdraw the demurrer on payment of costs in this court and in the court below.

Van Brunt, P. J., Patterson, O'Brien and Ingraham, JJ., concurred.

Judgment affirmed, with costs, with leave to plaintiff to withdraw demurrer on payment of costs in this court and in the court below.