McGovern v. Brotherhood of Firemen and Engineers.

## BENEFICIAL ASSOCIATIONS—INSURANCE.

[Cuyahoga (8th) Circuit Court, June 18, 1909.]

Henry, Marvin and Winch, JJ.

MARGARET MCGOVERN V. BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEERS.

BY-LAW OF BENEFICIARY ASSOCIATION PREVENTING PAYMENT OF DEATH LOSSES IN CASE OF PRESUMED DEATH.

    A fraternal beneficiary association by-law, declaring that no death losses shall be paid where the only evidence thereof is the disappearance of a member, is for the mutual benefit of all members and not contrary to public policy. Where the constitution of the association reserves the right to amend the by-laws, such by-law is binding upon members and beneficiaries, notwithstanding its enactment but fifteen days before a legal presumption of the death of a member is established, and acceptance by the association from the beneficiary of all the premiums and assessments required by the policy with knowledge of such disappearance.

ERROR to Cuyahoga common pleas court.

**Mathews & Orgill,** for plaintiff in error.

Cited and commented upon the following authorities. *Utter* v. *Insurance Co.* 65 Mich. 542 [32 N. W. Rep. 812]; *Trone* v. *Accident Assur. Corp.* 13 Dec. 298; Richards, Insurance Sec. 193; 29 Cyc. Law & Proced. 77, 81; *Reynolds* v. *Supreme Council Royal Arcanum,* 192 Mass. 150 [78 N. E. Rep. 129; 7 L. R. A. (N. S.) 1154]; *Sisson* v. *Supreme Court of Honor,* 104 Mo. App. 54 [78 S. W. Rep. 297]; *Van Attem* v. *Modern Brotherhood of Am.* 131 Ia. 232 [108 N. W. Rep. 313]; *Beach* v. *Supreme Tent K. M.* 177 N. Y. 100 [69 N. E. Rep. 281]; *Pulford* v. *Fire Department,* 31 Mich. 458; *Coyle* v. *Benefit Soc.* 17 N. Y. Weekly Dig. 17; *Graftström* v. *Forest Council No.* 21, 19 Misc. 180 [43 N. Y. Supp. 266]; *Lloyd* v. *Supreme Lodge K. P.* 98 Fed. Rep. 66 [38 C. C. A. 654]; *Taylor* v. *Modern Woodmen of Am.* 72 Kan. 443 [83 Pac. Rep. 1099; 5 L. R. A. (N. S.) 283]; *Grand Lodge A. O. U. W.* v. *Haddock,* 72 Kan. 35 [82 Pac. Rep. 583; 1 L. R. A. (N. S.) 1064]; *Deuble* v. *Grand Lodge A. O. U. W.* 66 App. Div. 323 [72 N. Y. Supp. 755]; *Deuble* v. *Grand Lodge A. O. U. W.* 172 N. Y. 665 [65 N. E. Rep. 1116]; *Tebo* v. *Supreme Council Royal Arcanum,* 89 Minn. 3 [93 N. W. Rep. 513]; *Ayers* v. *Grand Lodge A. O. U. W.* 188 N. Y. 280 [80 N. E. Rep. 1020]; *Modern Woodmen of Am.* v. *Wieland,* 109 Ill. App. 340;

*Butler* v. *Supreme Council A. L. of H.* 186 N. Y. 514 [78 N. E. Rep. 1101]; *Wist* v. *Grand Lodge A. O. U. W.* 22 Or. 271 [29 Pac. Rep. 610; 29 Am. St. Rep. 603]; *Supreme Lodge K. P.* v. *Knights of Pythias*, 117 Ind. 489 [20 N. E. Rep. 479; 3 L. R. A. 409]; *Hale* v. *Aid Union*, 168. Pa. St. 377 [31 Atl. Rep. 1066]; Niblock, Ben. Assn. (2 ed.) 65; Sutherland, Stat. Const. Secs. 464, 465; *Boman* v. *Bankers Union*, 76 Kan. 198 [91 Pac. Rep. 49]; *Forest City Court No. 10, F. of A.* v. *Rennie*, 25 O. C. C. 790 (2 N. S. 510); *Kaemmerer* v. *Kaemmerer*, 231 Ill. 154 [83 N. E. Rep. 133]; *Wilcox* v. *Court of Honor*, 114 S. W. Rep. 1155 (Mo.); *Schack* v. *Supreme Lodge F. B.* 99 Pac. Rep. 989 (Cal.); *Sautter* v. *Supreme Conclave I. O. H.* 71 Atl. Rep. 232 (N. J.); *Emmons* v. *Supreme Conclave I. O. H.* 63 Atl. Rep. 871 (Del.); *Ancient Order United Workmen* v. *Brown*, 112 Ga. 546 [37 S. E. Rep. 890]; *Roberts* v. *Grand Lodge A. O. U. W.* 60 App. Div. 269 [70 N. Y. Supp. 57]; affirmed, without report, *Roberts* v. *Grand Lodge A. O. U. W.* 173 N. Y. 580; *Knight Templars' & Masons' L. Indem. Co.* v. *Jarman*, 104 Fed. Rep. 638 [44 C. C. A. 93]; *Sovereign Camp W. W.* v. *Thornton*, 115 Ga. 789 [42 S. E. Rep. 236]; *Pellazino* v. *St. Joseph Soc.* 9 Dec. Re. 635 (16 Bull. 27); *Shipman* v. *Home Circle*, 174 N. Y. 398 [67 N. E. Rep. 83; 63 L. R. A. 347]; *Weber* v. *Supreme Tent K. M.* 172 N. Y. 490 [65 N. E. Rep. 258; 92 Am. St. Rep. 753]; *Tisch* v. *Protected Home Circle*, 72 Ohio St. 233 [74 N. E. Rep. 188]; *Herman* v. *Supreme Lodge K. P.* 66 N. J. Law 77 [48 Atl. Rep. 1000]; *Knights of Golden Rule* v. *Everding*, 11 Circ. Dec. 419 (20 R. 689); *Whiteley* v. *Insurance Co.* 72 Wis. 170 [39 N. W. Rep. 369]; *Davie* v. *Briggs*, 97 U. S. 628 [24 L. Ed. 1086]; *Cox* v. *Ellsworth*, 18 Neb. 664 [26 N. W. Rep. 460; 53 Am. Rep. 827]; *Fisdale* v. *Insurance Co.* 26 Ia. 170 [96 Am. Dec. 136]; *Spahr* v. *Insurance Co.* 98 Minn. 471 [108 N. W. Rep. 4]; *North Western Mut. L. Ins. Co.* v. *Stevens*, 71 Fed. Rep. 258 [18 C. C. A. 107]; *Nepean* v. *Doe*, 7 L. J. Exch. 335; *Whiting* v. *Nicholl*, 46 Ill. 230 [92 Am. Dec. 248]; *Coburn* v. *Insurance Co.* 145 Mass. 226 [13 N. E. Rep. 604]; *Interstate Casualty Co.* v. *Bird*, 10 Circ. Dec. 211 (18 R. 48).

**Car, Stearns, Chamberlain & Royan,** for defendant in error.

**WINCH, J.**

In 1891 P. W. McGovern became a member of the defendant organization. On January 13, 1900, he disappeared and has never since been seen or heard of by any of his friends, family or relatives. For seven years subsequent to his disappearance, his wife, Margaret McGovern, plaintiff in error, paid the premiums and assessments to the

McGovern v. Brotherhood of Firemen and Engineers.

defendant as required by the policy, the defendant having notice of the fact that McGovern had disappeared.

In September, 1906, the defendant adopted a by-law declaring that no liabilities should be incurred because of the disappearance of a member, or because of the presumption arising therefrom.

This by-law went into effect January 1, 1907, or fifteen days before the expiration of the seven-year period relied upon by plaintiff in error to establish the legal presumption of death.

In the court of common pleas the petition averred the issuance of the policy, the payment of premiums and assessments, the performance of conditions precedent, and the facts as to McGovern's absence for seven years. The defendant's answer conceded the issuance of the policy and the payment of dues as alleged therein, and asserted as a defense to the action the enactment of the by-law in question.

The reply admitted the adoption of the by-law and alleged that it was adopted by the organization with knowledge of McGovern's disappearance, and notwithstanding the acceptance of dues from plaintiff.

It is also conceded in the pleadings that McGovern at the time he became a member agreed to conform to all laws, rules and regulations of the society then existing or that might thereafter be enacted.

Upon this state of the pleadings the court sustained a motion by defendant to exclude evidence under the pleadings, and for judgment in its favor.

A review of this judgment requires an investigation of two questions: First, had the organization a right to pass any by-law on January 1, 1907, which could be binding upon McGovern's beneficiary; second, is the by-law which was passed, a valid one?

First, if McGovern was dead on January 1, 1907, the rights of his beneficiary were then vested and could not be divested by any action of the association. But was he then dead, or was there any presumption at that time that he was dead?

There is no allegation in the pleadings that he *was* dead; the plaintiff relies solely upon the presumption of law, which arises *after* a man has been absent and unheard of for seven years. There is no presumption either of life or death at any particular time during the seven years. *Whiteley* v. *Equitable Life Assur. Soc.* 72 Wis. 170 [39 N. W. Rep. 369]; *Supreme Com. Knights Golden Rule* v. *Everding*, 11 Circ. Dec. 419 (20 R. 689).

It would seem then that under the power reserved by the organization it had a right on January 1, 1907, to enact a by-law which would

Cuyahoga County.

be binding upon McGovern and his beneficiary. *Tisch* v. *Home Circle,.* 72 Ohio St. 233 [74 N. E. Rep. 188].

The payment of dues by the beneficiary has no bearing upon the case; it is a concession on her part that the member is still alive.

Second, the reasonableness of such by-laws as the one pleaded in this case is recognized in *Tisch* v. *Home Circle, supra,* and cases there cited, but it is urged that this by-law not only limits the right to recover under the certificate, but seeks to control the rules of evidence which shall be applied by the courts; that it attempts to abrogate the rule of the courts that proof of seven years absence unheard of, shall be received as proof of death.

The point would be well taken were the defendant an insurance company where the relation of company and policy holder is antagonistic, but it has been repeatedly held that the mutual interests of the members of a fraternal beneficiary association warrant their regulating their own affairs to the entire exclusion of the courts.

An agreement, such as we have here, that no death losses shall be paid when the only evidence of death is that the member has disappeared, is for the mutual benefit of all the members, and it is not contrary to public policy for parties to agree among themselves for their mutual benefit. McGovern had the benefit of this agreement, as well as all other members, and his beneficiary must share its burdens. *Rood* v. *Railway P. & F. C. M. B. A.* 31 Fed. Rep. 62; *Sanderson* v. *Brotherhood of Railway Trainmen,* 204 Pa. St. 182 [53 Atl. Rep. 767]; *Osceola Tribe No. 11, I. O. R. M.* v. *Schmidt,* 57 Md. 98; *Kelly* v. *Supreme Council,* 46 App. Div. 79 [61 N. Y. Supp. 1140].

It appears, then, that the organization had a right to pass the by-law in question, and that it is binding upon McGovern and his beneficiary.

Judgment affirmed.

**Marvin** and **Henry, JJ.,** concur.