(83 Misc. Rep. 455)

MANNHEIMER v. INDEPENDENT ORDER OF AHAWAS ISRAEL.

(Supreme Court, Appellate Term, First Department.   January 3, 1914.)

INSURANCE (§ 789*)—POLICY—PROOF OF AUTHORITY—SUFFICIENCY.

That the beneficiary of an insurance policy, by reason of the insured having disappeared several years previously, was unable to make actual proof of death in the way specified in the policy, did not bar her right to recover; the provision of the policy relative to the method of proof of death being merely a declaration of the course to be followed under ordinary circumstances.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1963–1965; Dec. Dig. § 789.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Jennie Mannheimer against the Independent Order of Ahawas Israel. From an order setting aside a verdict for plaintiff, she appeals. Reversed, and verdict reinstated, and judgment directed for plaintiff.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Davis & Mayer, of New York City, for appellant.
Isidor Cohn, of New York City, for respondent.

GUY, J. The plaintiff herein appeals from an order setting aside the verdict of a jury in an action brought to recover a death benefit of $500, payable to the designated beneficiary upon the death of a member in good standing; the beneficiary in this instance being the widow of a member alleged to be dead.

The evidence shows that the plaintiff's husband, the assured, had been living on good terms with plaintiff and their child for several years; that he was steadily employed; that the day before his alleged disappearance he brought his wages home and gave them to his wife; that he had money in bank, which was not withdrawn by him; that he left all of his personal effects in his home; that on the morning of the alleged disappearance, November 15, 1903, he left his home at the usual hour, kissing his wife goodbye, and from that time has not been seen or heard from, notwithstanding most exhaustive and persistent efforts to discover him, made by various of his relatives. The evidence further shows that, about two weeks after his disappearance, plaintiff notified the secretary of Daniel Lodge, the subordinate lodge of the defendant order to which the alleged decedent belonged, of the fact of his disappearance, and that said secretary, designated by the by-laws as the officer to whom notice of death should be given, then stated to her, "All right, there could be nothing done until after seven years, until they found out he was really missing"; that thereafter, in order to preserve the good standing of her husband, so that her rights to said benefit might not be forfeited, plaintiff continued paying benefit assessments to said order until the said term of seven years had elapsed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is conceded that there is no record of the death of the assured in the board of health in this city. About December 15, 1912, plaintiff filed with the secretary of the defendant order proof of death of her husband, in the form of affidavits setting forth the facts as to his disappearance and the efforts that had been made to discover his whereabouts, as above stated.

A copy of the constitution of the defendant order was offered in evidence by plaintiff. Defendant moved to dismiss the complaint on the ground of failure to comply with the provisions of the constitution as to proof of death. This motion was denied. Defendant introduced no evidence. The case was submitted to the jury, which rendered a verdict in favor of plaintiff. Defendant then moved to set aside the verdict on the ground that there was no proof of death in accordance with the constitution of the defendant order, which, at page 27 thereof, provides:

"It shall be the duty of any person who claims a death benefit to immediately, upon the decease of a member in good standing, notify the secretary of the lodge of which the deceased was a member of the death of such member, and file with the secretary of such subordinate lodge a copy of the record of death issued by the board of health or other proper officer keeping the records of death of the city where said member died. The secretary of such subordinate lodge shall forthwith transmit said record of death to the grand secretary, who, after the report of the endowment committee to the executive committee, and the approval of the executive committee of the claim, shall notify all lodges of the order of such death and request the payment by the lodges of the prescribed assessments.

"After approval by the endowment committee of a claim for death benefit, there shall be paid to the person or persons legally entitled thereto, within the time and in the manner hereinafter described, the amount of endowment provided for by this constitution."

Briefs were submitted, and subsequently the court granted the motion setting aside the verdict "under the authority of Kelly v. Supreme Council, 46 App. Div. 79 [61 N. Y. Supp. 394]."

An examination of the case cited by the learned trial justice discloses a radical difference between that case and the case at bar, in that in the case cited it was provided by a by-law of defendant Supreme Council that:

"No time of absence or disappearance on the part of a member, without proof of actual death, shall entitle his beneficiary to recover upon his membership certificate."

In that case the parties entered into the contract of membership and insurance having in contemplation the possibility of disappearance without actual proof of death, and providing specifically that no benefit rights should accrue in that event. In the case at bar there is no such provision barring any claim based upon disappearance or that actual proof of death shall be a condition precedent to recovery. The provisions as to method of proof are merely directory, both as to the beneficiary and the members of the subordinate and grand lodges. They establish a method of procedure which shall be followed upon the death of a member in good standing. The constitution provides that, upon the death of a member in good standing, the beneficiary shall be entitled to a benefit of $500. The method of proof of death and

the procedure which shall follow upon the filing of such proof is but a declaration as to what course shall be followed under ordinary circumstances. The record proof is, where obtainable, to be regarded as the best evidence of death, which must be filed if such proof exists; but where, in the nature of things, such evidence cannot be obtained, then the power rests in a court of justice to accept such secondary proof as will establish the fact of death under rules of law recognized by judicial tribunals. The method of procedure prescribed by the constitution of the defendant order directs that several steps shall be taken in connection with the presentation, examination, approval, and payment of a claim: First, immediate notification to the secretary of the subordinate lodge and filing with said secretary a copy of the record of death of the member kept by the board of health, or similar body, of the city in which the death occurs. Second, the forwarding of said record and notice by the secretary of the subordinate lodge to the grand secretary of the grand lodge. Third, the report of the endowment committee to the executive committee of the grand lodge. Fourth, the approval of the claim by the executive committee of the grand lodge.

It could not be seriously contended that the failure by officers of the subordinate lodge or grand lodge to comply with any or all of these separate details of procedure could defeat the rights of the beneficiary which accrued upon the death of a member in good standing, though they are all essential parts of the method of procedure prescribed by the constitution, to be followed upon the death of a member. Nor could it be maintained that if there were actual proof of death occurring in a place where no public record of deaths were kept, or where such records were kept, but had subsequently been destroyed by fire or otherwise, that the failure to produce a copy of the record would defeat the beneficiary's claim. In such event the law would not require the doing of a thing which is in its very nature impossible, unless the doing of such thing was of the essence of the contract and a condition precedent to the accruing of any rights thereunder.

"Such condition in a policy of insurance must be considered as inserted for some reasonable and practical purpose and not with a view of defeating a recovery in case of loss by requiring the parties to do something manifestly impossible." Trippe v. Phœnix Fr. Soc., 140 N. Y. 23–26, 35 N. E. 316 (22 L. R. A. 432, 37 Am. St. Rep. 529).

See, also, Sergent v. London, L. & G. Ins. Co., 155 N. Y. 349, 49 N. E. 935.

There are two things that are of the essence of this contract of membership and insurance: First, good standing of the member at the time of his death; second, competent proof of death.

The main question presented upon this appeal is whether plaintiff filed with the defendant order competent proof of death. Where actual, direct proof of death cannot be obtained, the fact of death may be proved presumptively as well as by direct evidence. See Greenleaf on Evidence, § 41. Continued absence from one's last and usual residence may, under certain conditions, raise a presumption of death. Sheldon v. Ferris, 45 Barb. 124; Ferry et al. v. Sampson, 112 N. Y.

415, 20 N. E. 387; Cambrelling v. Purton et al., 125 N. Y. 611, 26 N. E. 907.

"He may leave under circumstances which will satisfy the court that he must be dead or he would have returned or reported." Matter of Smith, 77 Misc. Rep. 76, 136 N. Y. Supp. 825.

The refusal by the defendant to pay the benefit to the beneficiary under such circumstances as are presented in this case furnishes a sad commentary on the supposed benevolence of some orders of this character. Morally, equitably, legally, plaintiff is entitled to recover.

It might also be urged with some force that, even were actual proof of death to be deemed a condition precedent to payment of death benefit under the by-laws of the order, the defendant, after notice to its designated agent of the member's disappearance, by receiving premiums from plaintiff for the full period of seven years, after statement by its agent that it would be necessary to wait seven years to establish the fact that the member was missing, must be deemed, under all the circumstances of the case, to have waived actual proof of death.

The order setting aside the verdict of the jury herein must therefore be reversed, with costs, the verdict reinstated, and judgment directed in favor of plaintiff in accordance therewith.

SEABURY, J. I concur in the view that the order setting aside the verdict of the jury rendered in favor of the plaintiff should be reversed and the verdict reinstated.

The methods prescribed in the constitution of the defendant, by which the fact of death was required to be proved, are applicable only where that fact is susceptible of that manner of proof. In this case it is impossible to present such proof, and the records which the constitution of the defendant require to be produced, and which would ordinarily be available, are not in existence. Under these circumstances, it is obvious that the plaintiff could not produce them, and it would be unreasonable to so construe the provisions of the defendant's constitution as to require their production. If the contract of insurance contemplated, as I think it did, that loss should accrue upon the death of the insured and did not in terms exclude liability where the death occurred under such circumstances as to make the presentation of the proof specified in the constitution of the defendant impossible, then the parties to the contract could not have contemplated that the proofs of death ordinarily available and required should be presented in such a case.

A different question would be presented if the contract of insurance provided that death should not be presumed from absence or disappearance (Kelly v. Supreme Council, 46 App. Div. 79, 61 N. Y. Supp. 394); or that disappearance should not be evidence of death until a time specified had expired (Porter v. Home Friendly Society, 114 Ga. 937, 41 S. E. 45), or contained any other substantially similar provision.

There being no such provision in the contract, loss accrued upon the death of the insured. 25 Cyc. 874.

The plaintiff proved not only the absence of the insured for a period

longer than seven years, but also that diligent efforts had been made to find him, and that these efforts had been unsuccessful, and that no tidings of the insured have been received by his relatives and friends during that time. These circumstances, in the absence of any evidence to the contrary, gave rise to the presumption that the insured was dead. This presumption was one of fact, and the finding of the jury that the insured was dead was warranted under the circumstances disclosed.

There is no arbitrary rule as to the duration of the absence which gives rise to the presumption of death, although by analogy to the time fixed in certain English statutes (1 Jac. 1. c. 2, § 2 and 19 Car. II, c. 6, § 2) the courts have generally considered that an absence of seven years, there being no circumstances which tended to negative the inference, gave rise to the presumption of death. Merritt v. Thompson, 1 Hilt. 550; 18 Cyc. 298.

It is urgd by the defendant that the insured may be alive, and that while this possibility exists it should not be required to pay the amount of the policy. The evidence does not negative the possibility that the insured is still alive, but it furnishes strong reasons to believe that he is dead. As was well stated by Judge Daly in Merritt v. Thompson, supra:

"The question is not whether it is possible that he may be alive, but whether the circumstances of this case do not warrant that strong probability of his death upon which a court of justice should act. * * * Courts of justice do not allow the consideration of possibilities to outweigh a case of strong probability, but adopt and act upon those presumptions which seem most in accordance with the ordinary and usual course of events. Presumption, founded on a reasonable probability, must prevail against mere possibilities, for, were it otherwise, the conclusion could never be arrived at that a man was dead, until the natural limit of human life had been reached."

BIJUR, J., concurs.