MOLLIE SHAPIRO, Respondent, v. INDEPENDENT ORDER BRITH ABRAHAM OF THE UNITED STATES OF AMERICA, Appellant.— Order of the Appellate Term reversing a judgment of the Municipal Court of the City of New York, Borough of Queens,

and directing judgment in favor of the plaintiff in an action upon a benefit certificate issued by the defendant to one Morris Shapiro, unanimously affirmed, with costs. The by-law invoked by the defendant offends public policy and is invalid and ineffectual. While there is a difference on the facts between this case and *Kelly* v. *Supreme Council* (46 App. Div. 79), that difference does not make for sound distinction. In this case the by-law, requiring proof of actual death and precluding the plaintiff from having the benefit of the presumption of death following a seven years' absence of the insured, was adopted two years after the insured disappeared and twenty-eight years after the benefit certificate had been issued by the defendant. In the *Kelly* case the corresponding by-law had been adopted prior to the issuance of the benefit certificate. It was there held that the by-law did not offend public policy, but at that time the declaration of public policy embodied in statutes was not so sweeping and comprehensive as it is now. When the *Kelly* case was decided in 1899 the presumption relating to death in certain cases was limited to interests affecting real property, but since then the presumption has been, by statute, broadened in its application so as to include interests affecting both real and personal property. (Laws of 1918, chap. 318.) Kindred statutes, since enacted, have more specifically declared this public policy by making available a presumption of death following an absence for specified periods of seven years or less (Dom. Rel. Law, §§ 6, 7; Surr. Ct. Act, § 119). Accordingly the public policy of this State today is not identical with the public policy as expressed by statute in 1899 when the *Kelly* case was decided. The view sustained by the weight of authority throughout the country, that a by-law that deprives a person of the benefit of such statutes in connection with a benefit certificate is invalid, should be here followed. In so far as the *Kelly* case is to the contrary, it is not approved. Lazansky, P. J., Young, Carswell and Johnston, JJ., concur; Hagarty, J., concurs in result. [155 Misc. 9.]